## PATRICK MARTIN *vs.* CARLTON FLORIN.

Hampden.     September 18, 1930. — October 2, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Negligence*, Contributory, In use of way, Intoxicated person.

At the trial of an action of tort for personal injuries, there was evidence that the plaintiff, in crossing a street containing two sets of car tracks, saw no vehicles until he reached the first tracks; that he then saw an automobile operated by the defendant one hundred fifty feet away to his right approaching him between the further tracks and the further curb; that he thought he had "plenty of time to walk over"; that, when he had reached the further tracks, he heard an automobile horn and looked and saw the defendant's automobile about ten feet away; that it changed its course toward him and, although he jumped "forward from . . .[it]," he was struck by it when between the rails of the further tracks; that he had had two small drinks of whiskey a short time before; and that, as he crossed the street, he "was not so awfully drunk but just staggered a little." *Held*, that

(1) The plaintiff could assume that the defendant would slow down and give a timely signal of his approach as required by G. L. c. 90, § 14, as amended by St. 1925, c. 305; and that the defendant would not alter his course and turn his automobile toward the plaintiff;

(2) A finding was warranted that the belief of the plaintiff that he could cross the street in safety was reasonable;

(3) Although the plaintiff was required to exercise the care of a sober and reasonably prudent man, and he could not recover if he were intoxicated and this condition contributed to the accident, the questions, whether he was under the influence of intoxicating liquor and whether this condition contributed to the accident, were for the jury on the evidence;

(4) It could not properly have been ruled as a matter of law that the plaintiff was guilty of contributory negligence.

TORT. Writ dated January 31, 1928.

Material evidence at the trial in the Superior Court before *Broadhurst*, J., is stated in the opinion. The judge denied a motion by the defendant that a verdict be ordered in his favor. The jury found for the plaintiff in the sum of $3,300. The defendant alleged an exception.

*K. S. Baker*, for the defendant, submitted a brief.

*H. A. Moran*, for the plaintiff.

CARROLL, J.   The plaintiff was struck and injured by an automobile, owned and driven by the defendant, while walking from the north to the south side of Westfield Street, West Springfield, about five o'clock in the afternoon of January 24, 1928.   In the Superior Court the defendant's motion for a directed verdict was denied.   The defendant excepted.   The jury found for the plaintiff.   The defendant's contention is that his motion for a directed verdict should have been allowed because there was no evidence that the plaintiff was in the exercise of due care.

The plaintiff testified that he alighted from a trolley car at the corner of Westfield Street and Boulevard Street "with the intention of going down Pleasant Street"; that he walked on the north side of Westfield Street and started to cross that street; that he did not see any teams or automobiles "or anything in the road when he started to cross until he got as far as the first tracks"; that when "he got as far as the second car track, thinking 'he had plenty of time to walk over,'" the automobile (of the defendant) was between the curb and the east bound car track; that when he reached the east bound track, he heard an automobile horn; that he looked and the automobile was then about ten feet away; "the automobile was straddling the south rail of the east bound tracks"; that he was then standing in the middle of the car track and jumped "forward from the automobile."

On cross-examination the plaintiff admitted that he had two small drinks of whiskey at his brother's house in Springfield before he became a passenger on the trolley car; that he first saw the defendant's automobile when it was one hundred fifty feet distant going in an easterly direction; it was then "between the south car track and the curb about middle way"; that he saw the automobile "change its course coming in the car tracks where plaintiff was just as the automobile was about to hit him"; that "defendant turned his automobile right towards plaintiff when defendant was about ten feet away from plaintiff."   There was evidence that the plaintiff as he walked along Westfield Street "was not so awfully drunk but just staggered a

little . . . he had his overcoat on his arm and was swinging his hat at his side."

The burden of proof was upon the defendant to establish the plaintiff's lack of due care. G. L. c. 231, § 85. This question was properly left to the decision of the jury. They could have found that when the plaintiff started to cross the street no vehicles were in sight. The plaintiff could assume that the defendant would slow down and give a timely signal of his approach, G. L. c. 90, § 14, as amended by St. 1925, c. 305; that the defendant would not alter his course and turn his automobile toward the plaintiff. And the jury could say that the plaintiff might reasonably believe he could cross the street in safety. *Gauthier* v. *Quick*, 250 Mass. 258. *Barrett* v. *Checker Taxi Co.* 263 Mass. 252. *Seymour* v. *Dunville*, 265 Mass. 78. If the plaintiff was intoxicated and this condition contributed to his injury he could not recover. He was required to use the care of a sober and reasonably prudent man. To what extent the plaintiff was under the influence of intoxicating liquor was for the jury to decide, and it was also for them to determine if this condition in any way contributed to his injury. The defendant's motion could not have been granted on the ground that the plaintiff was intoxicated, and that his intoxication contributed to the injury. *Labrecque* v. *Donham*, 236 Mass. 10. *Bilodeau* v. *Fitchburg & Leominster Street Railway*, 236 Mass. 526.

*Exceptions overruled.*