PAULINE KARSOKAS *vs.* UNIVERSAL MOTOR SALES CO.

STEPHEN KARSOKAS *vs.* SAME.

Suffolk.   November 3, 1931. — November 3, 1931.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Negligence*, Contributory, In use of way.

Upon the evidence at the trial of an action for personal injuries sustained by a pedestrian, while crossing a street, by reason of negligent operation of a motor vehicle by the defendant, the question, whether the plaintiff should have allowed the motor vehicle to pass in front of him or whether he might reasonably undertake to pass in front of it, was for the jury; and it could not properly have been ruled as a matter of law that the plaintiff was guilty of contributory negligence.

TWO ACTIONS OF TORT, the first action for personal injuries and the second action by the husband of the plain-

tiff in the first action for consequential damages. Writs dated February 9, 1928, and February 1, 1929, respectively.

The actions were tried in the Superior Court before *Donahue*, J. The judge denied a motion by the defendant in each action that a verdict be ordered in its favor. There was a verdict for the plaintiff in the first action in the sum of $7,500, and for the plaintiff in the second action in the sum of $500. The defendant alleged exceptions.

*C. F. Albert*, (*R. J. Walsh* with him,) for the defendant.

*A. J. Berkwitz*, for the plaintiffs, was not called on.

BY THE COURT. The action by the female plaintiff is in tort to recover compensation for personal injuries alleged to have been caused to her by the negligence of a servant of the defendant operating its motor vehicle in the course of his employment. The only question argued by the defendant is that this plaintiff is barred from recovery because of her own contributory negligence. The evidence on this point need not be narrated in detail. The plaintiff was injured while as a pedestrian she was crossing a street in Boston. Whether she ought to have stopped in order to let the defendant's motor vehicle pass in front of her or whether she had a right in the exercise of reasonable judgment for her own safety to undertake to pass in front of the approaching truck, G. L. c. 90, § 14, as amended, was a question of fact and could not be ruled as matter of law. The case at bar falls within the authority of cases like *Gauthier* v. *Quick*, 250 Mass. 258, *Newman* v. *Hill*, 250 Mass. 578, and *Hutchinson* v. *H. E. Shaw Co.* 273 Mass. 51.

Because the female plaintiff was entitled to go to the jury, the case of her husband was also rightly submitted to the jury.

*Exceptions overruled.*