GRACE D. LEGG vs. HULDA BLOOM.

GRACE D. LEGG, administratrix, vs. SAME.

Barnstable.   February 10, 1933. — March 28, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Negligence*, Motor vehicle, Contributory, In use of way.   *Survival of Action.*

At the trial of an action for personal injuries sustained by a pedestrian
in the daytime when he was struck by an automobile operated by
the defendant, the plaintiff testified that, when he was about to cross
a street about thirty feet wide, he looked both ways and saw no auto-
mobiles in the immediate vicinity; that there was a slight hill to his
right, and if an automobile were below the rise it could not be seen;
and that he crossed the street diagonally, and was testing with his
foot the firmness of a new cement curb at the farther side of the street
when he was struck by the automobile, which had approached from
his right and rear.   *Held*, that the questions, whether the plaintiff
was guilty of contributory negligence and whether the defendant was
negligent, were for the jury.

*Whether* a right of action by a husband for consequential damages result-
ing from personal injuries sustained by his wife survives him was not
decided.

TWO ACTIONS OF TORT.   Writs dated November 12, 1930.

The second action originally was brought by Herbert L.
Legg, and after his death was prosecuted by the adminis-
tratrix of his estate.

The actions were tried together in the Superior Court
before *Walsh*, J.   Material evidence is stated in the opinion.
The judge ordered a verdict for the defendant in each
action and reported them for determination by this court.

*J. P. Sylvia, Jr.*, (*R. Clayton* with him,) for the plaintiffs.

*F. E. Smith*, for the defendant.

CROSBY, J.   The first action is brought to recover for
personal injuries received by the plaintiff by reason of the
alleged negligent operation of an automobile, which, it is
agreed, was owned and operated by the defendant.   The
second action was originally brought by the husband of the
plaintiff in the first action to recover consequential dam-
ages resulting from the injuries sustained by his wife.   Grace

D. Legg will hereafter be referred to as the plaintiff. At the close of the evidence submitted by the plaintiff the trial judge, on written motions presented by the defendant, directed a verdict for the defendant in each case, subject to the plaintiff's exceptions. The cases are before this court on a report.

The plaintiff on direct examination testified in substance as follows: On September 12, 1930, she lived on the southerly side of South Street, Hyannis, in this Commonwealth. At about half past five o'clock of that day she left her place of employment and walked along the northerly sidewalk on South Street, and then crossed practically in front of her house. At that place a new curbing was being put in, cement was being poured, and a part of the work had been completed. Not knowing where she should step across, she put her foot on the cement very lightly to see if she could cross, and that is all she remembered until she woke up in the hospital. She testified in cross-examination that the street upon which she lived was not burdened with a large amount of traffic; that automobiles pass up and down frequently and at times at rapid speed; that as she came along the northerly sidewalk she saw no traffic of any kind in the street; that when she reached a point near her house she turned to the right, and at that time she looked up and down the street and saw no automobiles immediately in the vicinity; that the street in front of her house was about thirty feet wide; that she crossed the street diagonally; that she did not see the automobile that struck her; that there was a slight hill there and if the automobile was below the rise, it could not be seen very well, in fact she did not believe it could be seen at all. On redirect examination she testified that after she had reached the right hand side of the street she was looking for a place to step onto the sidewalk, and that was when she put her foot down on the cement to see if she could cross over to the southerly sidewalk. She further testified that when she reached the southerly side of the street and was about to step upon or over the curbing she was struck and rendered unconscious. The defendant's automobile at that

time was travelling in an easterly direction. It could have been found that it came up behind the plaintiff when she was on the extreme right hand side of the street.

It could not properly have been ruled as matter of law that the burden of proving contributory negligence of the plaintiff had been sustained by the defendant. "A pedestrian, whether he sees an automobile or not, has a right to rely to some extent on the expectation that any motor vehicle, approaching him, will slow down and give a timely signal and observe the other requirements of G. L. c. 90, §§ 14, 17." *Barrett* v. *Checker Taxi Co.* 263 Mass. 252, 254. *Tyrrell* v. *Caruso,* 269 Mass. 379, 380. *Hennessey* v. *Moynihan,* 272 Mass. 165, 168. *McSorley* v. *Risdon,* 278 Mass. 415, 416. Whether the driver of the automobile was negligent was for the jury. It could have been found that the driver could have seen the plaintiff and have avoided striking her by stopping or by turning to the left and passing her. *Mulroy* v. *Marinakis,* 271 Mass. 421, 424. *McGuiggan* v. *Atkinson,* 278 Mass. 264, 266. The questions, whether the defendant had maintained the burden of proving negligence of the plaintiff and whether the defendant was negligent, should have been submitted to the jury.

The cases are reported to this court in accordance with the following stipulation entered into by the parties: "If the court erred in directing a verdict for the defendant in said cases, a verdict shall be entered in favor of the plaintiff in the sum of $1,000; otherwise judgment shall be entered for the defendant on the verdicts." The parties agreed at the argument in open court that provided the stipulation became applicable judgments shall be entered for the plaintiff in the first case for $1,000, and for the plaintiff in the second case for $1. The issue whether the second action, for consequential damages, survived need not be considered in view of the agreement for judgment in that action. In the first case judgment is to be entered for the plaintiff for $1,000. In the second case judgment is to be entered for the plaintiff for $1.

*So ordered.*