HELEN F. CROWLEY *vs.* NATHANIEL E. FREEMAN.

Norfolk.   May 15, 1935. — May 16, 1935.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence*, Contributory, In use of way.

The evidence, at the trial of an action for personal injuries sustained by a pedestrian on a street when he was struck by an automobile operated by the defendant, left it a question of fact whether the defendant had sustained the burden of proving the plaintiff guilty of contributory negligence.

·TORT. Writ in the District Court of East Norfolk dated October 27, 1933.

The action was heard in the District Court by *Johnson*, J. Material evidence is stated in the opinion. The judge found for the plaintiff in the sum of $2,394. A report to the Appellate Division for the Southern District was ordered dismissed. The defendant appealed.

*J. H. Beecher*, for the defendant.

*J. H. Cordella*, for the plaintiff.

BY THE COURT. This is an action of tort to recover compensation for personal injuries alleged to have been

sustained by the plaintiff, a pedestrian on a public way, by being struck by a motor vehicle owned and operated by the defendant. The accident occurred on a misty November evening when the street was lighted. The plaintiff, while on the sidewalk, looked in all directions, saw the defendant's car at a distance of approximately three hundred feet to her right, and then proceeded diagonally across a street intersection sixty-nine and five tenths feet wide. There was no other traffic in sight. After going about sixty feet she was struck by the automobile operated by the defendant. She was unable to give any estimate of the speed of the defendant's automobile. After the accident the defendant said to the plaintiff, among other things, "It is all my fault."

The defendant does not contend that the finding of negligence on his part by the trial judge was not justified on the evidence. The only question is whether the plaintiff is precluded from recovery on the ground of contributory negligence. Whether the defendant sustained the burden of proving that the negligence of the plaintiff contributed to the accident was a question of fact. "A pedestrian, whether he sees an automobile or not, has a right to rely to some extent on the expectation that any motor vehicle, approaching him, will slow down and give a timely signal and observe the other requirements of G. L. c. 90, §§ 14, 17." *Barrett* v. *Checker Taxi Co.* 263 Mass. 252, 254. *Gauthier* v. *Quick*, 250 Mass. 258. *Clark* v. *C. E. Fay Co.* 281 Mass. 240. *Legg* v. *Bloom*, 282 Mass. 303, 305. *Mosher* v. *Hayes*, 288 Mass. 58. *Noyes* v. *Whiting*, 289 Mass. 270.

*Order dismissing report affirmed.*