SCHOLASTIKA FRUTH, administratrix, *vs.* ALBERT E. DUNBAR.

SAME *vs.* W. J. MACLEOD & SON, INC.

Norfolk.    February 4, 1936. — February 6, 1936.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Negligence,* Contributory, In use of way.

In an action for the death of a pedestrian about sixty years old struck by the defendant's automobile while crossing a street at dusk, the evidence did not permit a ruling that the decedent had been guilty of contributory negligence.

TWO ACTIONS OF TORT. Writs in the District Court of East Norfolk dated December 11, 1934.

The actions were heard in the District Court by *John-son,* J., who found for the plaintiff in the sum of $6,500 in the first action and in the sum of $1,000 in the second action. Reports to the Appellate Division for the Southern District were ordered dismissed. The defendants appealed.

The case was submitted on briefs.

*E. J. Sullivan,* for the defendants.

*R. S. Riley,* for the plaintiff.

BY THE COURT. These are actions to recover damages for the death of the plaintiff's intestate alleged to have been caused by the negligent operation of a motor truck

registered in the name of the defendant corporation and driven by its servant. The finding in each case was for the plaintiff. The single question argued by the defendant in each case is whether the finding should have been against the plaintiff on the ground that her intestate was not in the exercise of due care and that his contributory negligence was a factor in his fatality. The material evidence on that point is that the deceased, then sixty-two years of age, at about four o'clock on a clear December afternoon, after pausing at the edge of a street thirty feet in width and looking in both directions, started to cross the street. When he reached the middle of the street, he was seen to stop and hesitate. He was then struck by the motor truck travelling about twenty miles an hour whose speed was not slackened, whose horn was not sounded, and which stopped in eight feet after striking the deceased. One operating an automobile from the direction from which the one in question approached had a clear view of the deceased for a distance of more than sixty-five feet. The road was dry. The operator of the truck did not see the intestate until the latter was within about two feet of the front of the truck; he merely saw a black object in front of him and he applied the brakes. There was no evidence as to other traffic on the street.

It could not rightly have been ruled as matter of law that the burden of proving contributory negligence on the part of the deceased had been sustained by the defendants, *Mercier* v. *Union Street Railway*, 230 Mass. 397, 404, or that G. L. (Ter. Ed.) c. 231, § 85, was inapplicable. *Brown* v. *Henderson*, 285 Mass. 192. The cases at bar are governed by *Crowley* v. *Freeman*, 291 Mass. 105, and the cases there collected.

In each case the entry may be

*Order dismissing report affirmed.*