NAPOLEON DESJARLAIS *vs.* FRANK KELLEY.

Essex. November 10, 1936. — January 4, 1938.

Present: RUGG, C.J., FIELD, DONAHUE, & QUA, JJ.

*Negligence*, Contributory, In use of way.

That a pedestrian, crossing a wide, well lighted street on which there was only an automobile which he knew was approaching from his right on the farther side of the street, continued on his way and was struck before he reached the middle line of the street, did not require a ruling that he was guilty of contributory negligence.

TORT. Writ in the District Court of Southern Essex dated November 20, 1934.

The Appellate Division for the Northern District ordered dismissed a report by *Phelan*, J., who found for the plaintiff in the sum of $4,250. The defendant appealed.

The case was submitted on briefs.

*J. W. Sullivan & J. F. Doyle,* for the defendant.

*W. E. Sisk & R. L. Sisk,* for the plaintiff.

DONAHUE, J. The plaintiff, while crossing Broad Street in the city of Lynn near its intersection with Exchange Street at about quarter to one in the morning of October 6, 1934, was hit and injured by an automobile owned and operated by the defendant. A judge of the District Court of Southern Essex found for the plaintiff; his report was ordered dismissed by the Appellate Division.

According to the testimony of the defendant he was operating his automobile at the rate of speed of fourteen miles an hour; he first saw the plaintiff two seconds before the collision, in front of the automobile and a little to the left; he could have seen the plaintiff if he had been looking, but he was not looking; the automobile went some distance after striking the plaintiff. The defendant concedes that there was evidence warranting a finding that he was negligent. He contends, however, that the plaintiff on his own testimony was, as matter of law, not in the exercise of due

care. The judge gave the defendant's request for ruling: "the plaintiff is bound by his own testimony and there is no testimony to the contrary as far as his due care is concerned." We treat the case on that footing.

The testimony of the plaintiff is here summarized. When the plaintiff was at the westerly curb of Broad Street and before starting to cross, he looked in both directions. There was in sight no motor vehicle coming from the north. He saw, approaching from the south, an automobile which turned out to be the defendant's. It was about three hundred feet away, on the easterly half of the street. The plaintiff left the westerly curb and when he had gone about eight feet into the street he looked again to the south and then saw the automobile about one hundred fifty feet away. There was nothing unusual about its speed. At that time he heard the sound of its motor. Without looking again, he continued on for about fourteen feet and before reaching the center line of the street was struck by the defendant's automobile. He heard no horn blown but he continued to hear the undiminished sound of the defendant's motor up to the time he was struck.

The night was clear. The street was well lighted. There was no moving motor vehicle other than the defendant's on the street and there were no parked cars in the immediate vicinity. Broad Street was about forty-five feet wide from curb to curb.

It cannot be said that the conduct of the plaintiff was lacking in due care while he was proceeding in the street up to the point where he looked and for the second time saw the defendant's approaching automobile. The defendant's contention in effect is, that somewhere between that point and the place fourteen feet distant where the plaintiff was struck, near but not over the center line of the street, the plaintiff's conduct as matter of law was negligent. The conduct of the plaintiff must be judged in the light of what, in the circumstances appearing, he should reasonably have anticipated might happen in proceeding in the manner he did for the distance of fourteen feet. *Falk* v. *Finkelman*, 268 Mass. 524, 527. So viewed we do not think it could be

properly ruled as matter of law that the plaintiff was lacking in due care.

The plaintiff could reasonably have anticipated that the defendant in approaching would see him as he was proceeding over the westerly half of the street, for he was plainly visible while the automobile was travelling the distance of nearly three hundred feet. It cannot be said as matter of law to be negligent for the plaintiff to rely to some extent on the belief that if the automobile did not continue to be driven on the easterly portion of the street and if its course was changed and it was headed directly at the plaintiff some warning would be given or at least its speed would be diminished as required by the statute when an automobile is approaching a pedestrian upon the street. G. L. (Ter. Ed.) c. 90, § 14. *Gauthier* v. *Quick,* 250 Mass. 258. *Crowley* v. *Freeman,* 291 Mass. 105. The defendant's automobile in fact did not continue wholly on the easterly half of the street. It came over the center line of the street and struck the plaintiff when he was on the westerly half of the highway.

The plaintiff had the right to rely to some extent on the expectation that the defendant would exercise a proper degree of care for his safety. *Hutchinson* v. *H. E. Shaw Co.* 273 Mass. 51. *La Roche* v. *Singsen,* 281 Mass. 369. *Byrne* v. *Dunn,* 296 Mass. 184. The plaintiff was not required to anticipate that the defendant would negligently run him down when a collision could have been avoided by driving the automobile in the twenty-two feet of highway free of all traffic ahead of the plaintiff or in the nearly twenty-foot space free of vehicles behind the plaintiff. *Kaminski* v. *Fournier,* 235 Mass. 51, 54, 55. *Carbonneau* v. *Cavanaugh,* 290 Mass. 139.

The plaintiff continued to hear the undiminished sound of the defendant's motor. This told him no more than he is otherwise charged with knowing: that the automobile continued to approach. It did not indicate an increase in the speed of the automobile. The plaintiff did not look again after he left a point about fourteen feet from the center of the road. These facts in our opinion did not

compel a ruling of law that there was a lack of due care on the part of the plaintiff, who was struck by the automobile before he reached the center line of the street.

*Order dismissing report affirmed.*