JAMES STINSON *vs.* JULIUS H. SOBLE.

Suffolk.   October 6, 1937. — November 29, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, & QUA, JJ.

*Negligence*, Contributory, In use of way.

A ruling that a pedestrian was not in the exercise of due care was not required by evidence that, as he started on a marked crossing across a traffic lane of a public way fifty feet wide restricted to travel from his right, with a well lighted intersection at his left, he saw an automobile approaching, that, when he was in the middle of the lane, he thought the automobile was about forty feet distant and approaching at the rate of thirty miles an hour and he was in its "line of travel," and that he then ran to a point three fourths of the way across the lane, where he was struck and was injured.

TORT. Writ in the Municipal Court of the City of Boston dated March 26, 1934.

On removal to the Superior Court the action was tried before *O'Connell*, J., and a verdict was returned for the plaintiff in the sum of $6,500. The defendant alleged exceptions and in his brief in this court stated, "The only issue brought up by the defendant's bill of exceptions is whether the evidence, regarded in the light most favorable to the plaintiff, established the plaintiff's contributory negligence so as to warrant and require the granting of the defendant's motion for a directed verdict."

*T. H. Mahony & R. J. Coffin,* for the defendant, submitted a brief.

*J. Finnegan,* for the plaintiff.

DONAHUE, J. An automobile operated by the defendant in a westerly direction on the northerly side of Beacon Street, near its intersection with Washington Street in Brookline, collided with the plaintiff, who was walking in a northerly direction across Beacon Street.

The plaintiff's action to recover damages for his injuries was tried before an auditor who made findings of fact with respect to the movements and conduct of the parties immediately preceding the collision, and found that the defendant was negligent and that the plaintiff was in the exercise of due care. The case was tried in the Superior Court on the auditor's report and the testimony of the plaintiff and of other witnesses called by him. There was a verdict for the plaintiff. The bill of exceptions states that there was evidence warranting the finding that the defendant was negligent.

The auditor's report included the following findings: The plaintiff crossed the southerly part of Beacon Street, which was used by eastbound vehicles, and a reservation in the central portion of the street, where there were trolley car tracks, and came to the northerly part of the street, about fifty feet in width, which was used by westbound vehicles. He then looked to his right, that is, to the east, and saw the headlights of the defendant's automobile approaching, at a distance estimated by the plaintiff as between sixty and seventy yards. He proceeded to cross the northerly traffic lane and when he had reached a point near its center he looked again. He then saw the defendant's automobile which he estimated to be about forty feet distant, and "thought" it was "on the right of the middle." (He testified at the trial before the jury that he was then "in the line of travel of the motor vehicle as it approached him.") A witness of the occurrence estimated that the automobile was at that time one hundred fifty to two hundred feet away. The auditor found the distance to be between forty and one hundred feet. The plaintiff continued on, with

his eyes on the automobile, and estimated its speed as about thirty miles an hour. When he was three fourths across the traffic lane he was struck by the right front part of the automobile. The streets were dry and the weather was clear. The intersection of the two streets was well lighted. Amber traffic lights were there flashing. There was an unobstructed view along the street for several hundred feet.

The auditor found that in view of the circumstances it was reasonable for the plaintiff to assume that the automobile would slow down and that he was not negligent in attempting to cross the portion of the traffic lane beyond its center line. The defendant testified before the auditor that "the car did not hit anyone to my knowledge." The plaintiff offered in evidence a written statement signed by the defendant which stated that a girl was riding with him and "It might be that while I was talking to the girl . . . I took my eyes off the road so that I might have hit him [the plaintiff] and didn't know it."

The defendant's contention now is that the subsidiary findings of the auditor, and the testimony of the plaintiff before the jury, required the ruling that the plaintiff was not in the exercise of due care, and the direction of a verdict for the defendant.

The determination of the question whether a pedestrian in crossing a street used the requisite care involves the consideration of his conduct and of the circumstances which might properly influence that conduct. As has been often said, the rights and the duties of a pedestrian and the operator of an automobile on a public street are reciprocal and each may rely to some extent on the other using proper care. *Pease* v. *Lenssen,* 286 Mass. 207, 208, and cases cited. The plaintiff in this case was crossing Beacon Street near an intersecting street, a place where pedestrians generally cross (*Bombard* v. *Worcester Consolidated Street Railway,* 234 Mass. 1, 4) and where the place for crossing was marked by white lines painted on the pavement. The view the defendant had of the crossing place was unobstructed for several hundred feet (*Stacy* v. *Dorchester Awning Co. Inc.*

290 Mass. 356, 359), and the plaintiff as he crossed, with the background of the well-lighted intersection, was plainly visible to the defendant as he approached, if he had looked. *Griffin* v. *Feeney*, 279 Mass. 602. There were no other vehicles in the traffic lane than the defendant's automobile. The plaintiff was entitled to rely to some extent on the assumption that the defendant would see him crossing the street, would operate his automobile with due regard for his safety (*Sooserian* v. *Clark*, 287 Mass. 65, 68) and would not negligently run him down. *Emery* v. *Miller*, 231 Mass. 243, 245. The plaintiff could also rely to some extent on the defendant not violating the statute which required him to slow down on approaching a pedestrian on a travelled part of a way. G. L. (Ter. Ed.) c. 90, § 14. *Martin* v. *Florin*, 273 Mass. 13, 15. The accident happened on a portion of the street where traffic was permitted to go one way only, that is, in the direction in which the defendant was going, and when the plaintiff had reached the center of the traffic lane there was an open area of street behind where the defendant's automobile could pass in safety. *Legg* v. *Bloom*, 282 Mass. 303, 305. The plaintiff could rely to some extent on the expectation that the defendant would make use of this area and avoid striking him. *McGuiggan* v. *Atkinson*, 278 Mass. 264, 266. On the findings of the auditor a ruling of law that the plaintiff was not in the exercise of due care could not be made.

A summary of the cross-examination of the plaintiff at the trial before the jury, appearing in the record, contains a reference to the plaintiff running from the center of the traffic lane although nothing appears elsewhere in the record to indicate that he did. Assuming he did run from the center of the traffic lane to the place where he was struck, it could not have been ruled as matter of law that he was negligent. There was evidence to warrant the finding that when he was in the center of the traffic lane he found himself "in the line of travel" of the automobile, which was near at hand and travelling at the rate of speed of thirty or more miles an hour. It could have been found that without his fault he suddenly found himself in a position of

danger by the fault of the defendant and that he was not negligent in running to escape the danger. *Lemay* v. *Springfield Street Railway*, 210 Mass. 63. *Pitts* v. *Coulson*, 265 Mass. 366.

The defendant argues in his brief that the plaintiff is bound by his testimony in cross-examination at the trial before the jury estimating the distance of the automobile and its rate of speed when the plaintiff was in the center of the northern traffic lane. He stated on cross-examination that, if he had ever said anything inconsistent with those estimates, he wanted them to stand as he then gave them. As to the distance the automobile was from him when he was in the middle of the traffic lane, the auditor's report shows that he gave the same estimate before the auditor as he did before the jury. Before the auditor, he estimated the speed of the automobile at thirty miles an hour, and before the jury, at thirty-five miles an hour. The rule stated in *Sullivan* v. *Boston Elevated Railway*, 224 Mass. 405, 406, on which the defendant relies, applies to "materially different statements" by a party in testifying. If we assume that the rule applies to statements which are merely estimates, we see no material difference in the present case because there was a variation of five miles an hour in the two estimates of the speed of the defendant's automobile, made by the plaintiff. Even if the plaintiff were bound by his estimate that the rate of speed of the automobile was thirty-five miles an hour when the plaintiff was in the center of the traffic lane, a ruling of law that the plaintiff was not exercising due care could not have been made.

*Exceptions overruled.*