MARGARET L. CAMPBELL *vs.* SAMUEL J. CAIRNS.

Suffolk.   February 10, 1939. — April 11, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Negligence, Motor vehicle, Contributory, In use of way.*

Evidence of the circumstances in which the plaintiff, leaving a bus at night, walked to its rear and then across the street, seeing at his right four hundred feet away a light that he did not think was an approaching automobile, and was struck by an automobile operated rapidly by the defendant from that direction before he reached the other side of the street, warranted submission to the jury of the questions of negligence of the defendant and contributory negligence of the plaintiff.

TORT. Writ in the Municipal Court of the City of Boston dated November 20, 1934.

On removal to the Superior Court, the action was tried before *Beaudreau,* J. and a verdict for the plaintiff in the sum of $12,930 was recorded with leave reserved. The judge ordered entered a verdict for the defendant and reported the action.

*A. L. Brown,* (*F. W. Ziniti* with him,) for the plaintiff.
*H. W. Hardy,* for the defendant.

DOLAN, J. This is an action of tort to recover compensation for injuries sustained by the plaintiff when struck by an automobile operated by the defendant. The case was referred to an auditor, who found for the defendant, and was then tried to a jury before whom the auditor's report and other evidence were introduced. The jury returned a verdict for the plaintiff, but the judge, acting under leave reserved, upon the defendant's motion entered a verdict for the defendant, subject to the plaintiff's exception. The judge then reported the case for the determination of this court.

The questions raised and argued by the parties are (1) whether there was sufficient evidence of the defendant's negligence to support a verdict for the plaintiff, and (2) whether evidence by which the plaintiff was bound required as matter of law a ruling that the plaintiff had been guilty of contributory negligence. Since as to both questions the result is not doubtful it is not necessary to set forth in detail the facts that the jury could have found. See *Karsokas* v. *Universal Motor Sales Co.* 277 Mass. 154, 155.

There was evidence that on February 14, 1934, at about 6:20 P.M., the plaintiff alighted from a bus on High Street near the corner of Lake Shore Drive, in Westwood, and walked to the rear of the bus, which then moved on; that she looked up and down High Street, which she intended to cross, saw no vehicle approaching and started to cross the street; that after taking six or seven steps, which brought her to the center of the highway, she again looked to her left and then to her right; that she observed nothing to her left, but to her right, at a distance of two hundred to four hundred feet, she saw a "flicker of light"; that because of the distance at which it appeared, she did not take it to be a light upon a moving automobile, and whatever it was, she thought that because of its distance she would have ample time to cross the street; that when she had nearly reached the other side of the street she looked to her right and saw the defendant's automobile approaching about twenty-five or thirty feet from her; that it was moving at a speed of "about forty-five to fifty miles an hour," and did not change its course until it struck the plaintiff, hurling her a distance of ninety feet from the point of collision; and that although the accident occurred after dusk, visibility was good and a person standing on High Street at the place of the accident would have an unobstructed view up and down that street for three or four hundred feet in one direction and for several hundred feet in the other direction.

There was also evidence that the defendant saw the bus as he was approaching; that it had moved but twenty-five or thirty feet when he passed it at unabated speed, though

he knew that it would stop on signal at the point where the plaintiff had alighted; that he saw the plaintiff just after he passed the bus; that he did not slow down, and gave no warning when he saw, or in the exercise of due care should have seen, the plaintiff in time to do so; that he failed to change his course; and that the plaintiff was struck by the front bumper of the defendant's vehicle and thrown, as before noted, a distance of ninety feet.

In these circumstances it is so clearly settled, on the authority of many cases, that the evidence in the case at bar was ample to warrant the jury in finding that the defendant was negligent and that his negligence bore a causal relation to the plaintiff's injury, that a reference to them will suffice. *French* v. *Mooar*, 226 Mass. 173. *Emery* v. *Miller*, 231 Mass. 243, 245. *Barrett* v. *Checker Taxi Co.* 263 Mass. 252, 254. *Mulroy* v. *Marinakis*, 271 Mass. 421, 424. *Wilson* v. *Freeman*, 271 Mass. 438, 440. *Walsh* v. *Gillis*, 276 Mass. 93, 96. *Boni* v. *Goldstein*, 276 Mass. 372, 375. *Isaacson* v. *Boston, Worcester & New York Street Railway*, 278 Mass. 378, 389. *McSorley* v. *Risdon*, 278 Mass. 415, 416. *Wall* v. *King*, 280 Mass. 577, 579. *Legg* v. *Bloom*, 282 Mass. 303, 305. *Hall* v. *Shain*, 291 Mass. 506, 508.

The burden of proving that the plaintiff was guilty of contributory negligence rested on the defendant. G. L. (Ter. Ed.) c. 231, § 85. There is nothing in the testimony of the plaintiff or in any evidence by which she is bound to require a ruling that she was guilty of contributory negligence. In the circumstances before related, the plaintiff had a right to assume that an operator of an automobile would obey the law with respect to slowing down upon approaching a pedestrian who is in a position to be seen by the exercise of reasonable care on the part of the operator. *Gauthier* v. *Quick*, 250 Mass. 258, 261. G. L. (Ter. Ed.) c. 90, § 14. *Martin* v. *Florin*, 273 Mass. 13, 15. *Stinson* v. *Soble*, 301 Mass. 483, 486. "Whether the plaintiff was in the exercise of due care or was guilty of contributory negligence . . . presented . . . [a question] of fact." *McSorley* v. *Risdon*, 278 Mass. 415, 416. See also *Buoniconti*

v. *Lee*, 234 Mass. 73, 75; *Kaminski* v. *Fournier*, 235 Mass. 51, 54; *Karsokas* v. *Universal Motor Sales Co.* 277 Mass. 154, 155; *McGuiggan* v. *Atkinson*, 278 Mass. 264, 266; *Crowley* v. *Freeman*, 291 Mass. 105, 106; *Desjarlais* v. *Kelley*, 299 Mass. 182, 184. The judge erred in entering a verdict for the defendant under the leave reserved. Accordingly the entry will be

*Judgment for the plaintiff on the*
*verdict returned by the jury.*