FREDERICK R. SHOOBRIDGE *vs.* EDWARD V. CALLAHAN.

Suffolk.   November 6, 1941. — January 27, 1942.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Negligence*, Contributory, Use of way. *Practice, Civil*, Auditor: findings.

Subsidiary findings by an auditor of the circumstances in which an elderly pedestrian, slowly crossing the farther lane of a two lane highway on a night when there was rain, mist and a light fog without seeing an automobile approaching him from his right, was struck by the right side of the automobile when he was half way across the lane, were not inconsistent with a conclusion by the auditor that he was in the exercise of due care; and a finding to that effect at a subsequent trial on the report and other evidence was warranted by the report.

TORT. Writ in the Municipal Court of the City of Boston dated April 3, 1940.

On removal to the Superior Court, the case was heard by *Buttrick*, J., who found for the plaintiff in the sum of $10,844.

*G. E. Thompson*, for the defendant.

*E. M. Altman & W. Damiano*, for the plaintiff, submitted a brief.

Qua, J. The only question argued is whether, as matter of law, a finding should have been entered for the defendant on the ground of the plaintiff's contributory negligence.

The plaintiff was struck and injured by an automobile driven by the defendant on February 6, 1940, at about 7:30 to 8:00 o'clock in the evening on Huntington Avenue in Boston. The plaintiff, who was sixty-nine years of age, was walking from the southerly side of the avenue to the northerly side. He had crossed the eastbound lane and the reservation in the center of the street and was struck as he was crossing the westbound lane.

The burden of proving the plaintiff's negligence was upon the defendant. G. L. (Ter. Ed.) c. 231, § 85. An auditor to whom the case had been referred found "on all the evidence" before him that the plaintiff was in the exercise of due care and found for the plaintiff. The auditor's report alone was sufficient evidence to support a finding for the plaintiff at the trial, whatever other evidence was introduced either through the plaintiff himself or other witnesses (*Murphy* v. *Smith*, 307 Mass. 64, 68, 69; *Zawacki* v. *Finn*, 307 Mass. 86, 88; *Runnells* v. *Cassidy*, 307 Mass. 128, 130, 131), unless the subsidiary or specific findings of the auditor are so inconsistent with his general or ultimate findings that as matter of law they cannot stand together. *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564, 567.

There are no subsidiary or specific findings of the auditor inconsistent with his general findings in favor of the plaintiff. The pertinent subsidiary findings are in substance these: The roadway was wet. There was a light, drizzling rain. There was mist and a light fog. The westbound lane, which the plaintiff was crossing when struck, was twenty-three and nine tenths feet wide. Before starting to cross this lane the plaintiff looked up and down but "could see no oncoming traffic." He could see the nearest street

light about one hundred twenty feet to his right. The visibility was such as to enable him to see the lights of a vehicle at least as far away as the street light. He then started to cross slowly and was struck when halfway over. He did not observe the automobile at any time. The defendant entered Huntington Avenue from Copley Square, travelling about five feet from the curbing of the reservation. There was nothing to obstruct his view. It was "darker" where the plaintiff was struck, "owing to the absence of lights." The defendant's headlights were on and were "in high beam." The plaintiff was struck by the "right front end" of the defendant's automobile and was picked up "in the center of the road." The defendant stated to police officers that he did not see the plaintiff "in time" and testified before the auditor that he did not see him until he was ten feet away, although he stated, as the auditor says, "in his answer to the plaintiff's interrogatory," which must therefore have been before the auditor, that he could see ahead about fifty feet. "The defendant should have seen the plaintiff in time to avoid striking him." The defendant's automobile "traveled twenty feet before it stopped." The auditor further finds that the only evidence before him of the speed of the defendant's automobile "was the defendant's estimate of twenty miles an hour," but he does not find, and was not obliged to find, that this "estimate" was true.

The subsidiary findings just stated did not compel a conclusion that the defendant had sustained the burden of proving that the accident was caused by the plaintiff's suddenly and negligently stepping out into the path of obvious danger. Even if, as the auditor does not find, when the plaintiff started from the reservation the defendant's lights were somewhere in sight notwithstanding the mist and rain, still the findings are consistent with their being so far distant that the plaintiff might justifiably attempt to cross and might have crossed in safety if the defendant had seen him when he should and had driven with some regard to the plaintiff's presence. Indeed, it appears that the plaintiff nearly reached a place of safety and was struck only

by the farther corner of the defendant's automobile. *Gauthier* v. *Quick*, 250 Mass. 258. *Barrett* v. *Checker Taxi Co.* 263 Mass. 252. *McGuiggan* v. *Atkinson*, 278 Mass. 264. *Clark* v. *C. E. Fay Co.* 281 Mass. 240. *Crowley* v. *Freeman*, 291 Mass. 105. *Fruth* v. *Dunbar*, 293 Mass. 403. *Desjarlais* v. *Kelley*, 299 Mass. 182. *Campbell* v. *Cairns*, 302 Mass. 584. *Tookmanian* v. *Fanning*, 308 Mass. 162, 166, 167.

Since the auditor's report is sufficient in itself to support the finding of the judge we need not consider the other evidence introduced at the trial. We do not intimate that the result would be different if the case rested upon the evidence of the witnesses at the trial.

*Exceptions overruled.*