MARY NOLAN *vs.* GERTRUDE P. SHEA.

Suffolk.     December 9, 1942. — December 29, 1942.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Negligence,* Contributory, Use of way.

Testimony of a pedestrian that, before crossing a street on which he was struck by an automobile, he did not look at traffic lights there nor know "what color was lighted for . . . traffic there" did not, in circumstances shown by other evidence, require a finding of contributory negligence on his part.

TORT. Writ in the Municipal Court of the City of Boston dated April 10, 1939.

On removal to the Superior Court, the case was tried before *Broadhurst,* J.

*S. P. Sears,* for the defendant.

*H. F. Tracy,* for the plaintiff.

DOLAN, J. This is an action of tort to recover compensation for personal injuries. The case was referred to an auditor, who reported certain facts and found that at the time of the accident the plaintiff was in the exercise of due care and that the defendant was negligent. Thereafter the case was tried to a jury upon the auditor's report and other evidence. At the close of the evidence the defendant moved for a directed verdict in her favor. The motion was denied subject to her exception, and the jury returned a verdict for the plaintiff. Exceptions taken by the defendant in the course of the trial to the denial of her requests for certain instructions to the jury and to portions of the judge's charge were waived by her when the case was argued before us.

Material facts found by the auditor and adduced by the other evidence may be summarized as follows: The plaintiff alighted from a bus at the southeast corner of Commonwealth Avenue and Washington Street, in Brighton. The bus was travelling on Washington Street in a northerly direction and after stopping to permit the plaintiff to alight proceeded into the intersection and across Commonwealth Avenue in a northerly direction. The plaintiff then stood on the sidewalk fifteen or twenty feet south of the southeast corner of the intersection, and looked to her right and left for approaching vehicles and saw none. She then stepped into the roadway and started to cross Washington Street in a westerly direction toward a drug store on the southwest corner. A taxicab was parked about fifteen or twenty feet south of that corner. The plaintiff walked toward the rear of the taxicab. When about six feet from the taxicab she saw the lights of the defendant's automobile "coming very close." She then hurried in an effort to get out of the way of the defendant's automobile, cleared its front end, then was struck by "some part of the right side of the moving car" and thrown up against the "left rear" of the taxicab and then to the ground in a position near the right rear wheel of the defendant's vehicle. While the plaintiff was standing looking from right to left, as before set forth, the bus from which she had alighted was then on the car tracks on Commonwealth Avenue and heading in a northerly direction. She "could not have a complete view of the intersection because the bus would be large enough to conceal from her something that would be on the other side of it from her." She was familiar with the traffic signals at the intersection but before starting to cross Washington Street she "did not look at the traffic lights and did not know what color was lighted for Washington Street traffic." The auditor found that "it was then green." But when she started to cross Washington Street there was no moving vehicle within at least one hundred fifty feet of her, and she had walked a distance of about thirty-two feet when she had the first warning of the approach of the defendant's automobile "in the glow of its headlamps." The defendant, who was travelling

southerly along Washington Street, gave no signal. As she approached the northerly side of the Commonwealth Avenue intersection with the red traffic signals against her, she stopped momentarily. Upon the appearance of the green signal she proceeded across Commonwealth Avenue, a distance of about two hundred feet. When about midway she passed a bus going in the opposite direction. She was not travelling at an excessive rate of speed, but she failed to see the plaintiff until the latter was within about five feet of the front of her automobile. She applied the brakes of the vehicle when it was about three feet from the rear of the parked taxicab and came to a stop in a distance of eighteen to twenty feet.

The effect of an auditor's report, where his findings of fact are not agreed to be final, is fully discussed in *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564. It would serve no useful purpose to repeat in detail here what is said there. In the present case the ultimate findings of the auditor, that at the time of the accident the plaintiff was in the exercise of due care and that the defendant was negligent, were just as much evidence as his subsidiary findings, and entitled to be weighed by the jury like any other evidence of fact pertinent to the issues. They were based by the auditor upon "the evidence and under the circumstances." It cannot be said properly that they are so inconsistent with any of his subsidiary or specific findings that all his findings cannot stand together. So far as they are more favorable to the plaintiff than the other evidence introduced at the trial before the jury, she is entitled to their benefit. There is nothing in that other evidence that would require ultimate findings contrary to those of the auditor to which we have referred above.

While the plaintiff testified before the jury that she looked to the right and left and saw no vehicles approaching, the auditor expressly found that when she started to cross Washington Street there was no moving vehicle within one hundred fifty feet of her. The facts that at that time the traffic light was green for the operation of vehicles on Washington Street, and that the plaintiff did not look at the

traffic lights or know "what color was lighted for . . . traffic" there, did not require a finding that in crossing the street she was not in the exercise of due care, in the light of her testimony that she looked to the right and to the left before starting to cross the street, and, more particularly, in view of the finding of the auditor, just above recited, that at that time there was no moving vehicle within one hundred fifty feet of her, considered together with the evidence that she had proceeded thirty-two feet in crossing the street to a point about eight feet from the opposite curb without any signal having been given by the defendant, who did not slow down. G. L. (Ter. Ed.) c. 90, § 14.

The plaintiff was entitled to rely on the expectation that the operator of any vehicle would exercise a proper degree of care for her safety. The foregoing aspects of the case are governed in principle by such cases as *Legg* v. *Bloom*, 282 Mass. 303, 305, *Crowley* v. *Freeman*, 291 Mass. 105, *Campbell* v. *Cairns*, 302 Mass. 584, 586, and cases cited, *Nicholson* v. *Babb*, 304 Mass. 216, 218, and *Tookmanian* v. *Fanning*, 308 Mass. 162. See also G. L. (Ter. Ed.) c. 231, § 85.

In all the circumstances we are of opinion that it could not have been ruled rightly that the plaintiff was guilty of contributory negligence; and that the question of her due care was properly left to the jury.

*Exceptions overruled.*