MINNIE F. SHEA vs. JOSEPH A. T. BUTLER
(and three companion cases [1]).

Middlesex.   November 3, 1941. — February 28, 1944.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Negligence,* Motor vehicle, Use of way, Violation of law, Contributory.
   *Proximate Cause. Motor Vehicle,* Operation.

Evidence warranted a finding of negligence of the operator of an automo-
   bile which collided with women whom he saw walking across a street
   on a stormy winter night, and did not require a ruling that the women
   were guilty of contributory negligence.
A violation of G. L. (Ter. Ed.) c. 90, § 14, as amended, by the operator
   of an automobile in failing to slacken speed upon approaching pedes-
   trians whom he saw walking across a street could be found to have
   had a causal relation to their being struck by the automobile and was
   evidence of the operator's negligence.

FOUR ACTIONS OF TORT.   Writs in the First District Court
of Southern Middlesex dated May 5, 1937.

On removal to the Superior Court, the cases were tried
together before *Pinanski,* J.

*H. L. Barrett,* for the defendants.

*J. P. Driscoll,* (*G. F. Connors* with him,) for the plaintiffs.

DOLAN, J.   These are four actions of tort brought by
two plaintiffs (Minnie F. Shea and Elizabeth Savage) to
recover compensation for personal injuries sustained as a
result of being struck by an automobile owned by the de-
fendant Stanley D. Kendrick, doing business as Southgate
Wrecking Company, and operated by the defendant Butler.
At the close of the evidence the defendant in each case filed
a motion for a directed verdict in his favor.   The motions
were denied and the defendants' exceptions to their denial
were duly saved.   The jury returned a verdict for the plain-
tiff in each case.

The sole contentions of the defendants are that the evi-

[1] The companion cases are by Elizabeth Savage against the same defend-
ant, and by Minnie F. Shea and Elizabeth Savage, respectively, against
Stanley D. Kendrick, doing business as Southgate Wrecking Company.

dence did not warrant a finding of negligence on the part of the defendant Butler, hereinafter referred to as Butler, and that the evidence required a ruling that the plaintiffs were guilty of contributory negligence.

The evidence would have warranted the jury in finding the following facts: On March 16, 1937, the plaintiffs, with others, including a Mrs. Toomey, had walked to the easterly corner of Winter Street and the Boston and Worcester turnpike, in Framingham. They walked across the southerly side of the turnpike to the reservation (a grass plot) in its center, where they stopped beside a "cross over." They looked to the right before crossing the north side, and saw the headlights of an automobile at a distance from them of two hundred fifty to three hundred feet. While crossing that side of the turnpike, the plaintiff Savage was at the right of the plaintiff Shea and Mrs. Toomey was "back a little." Mrs. Shea was "almost on the sidewalk or near the sidewalk" when she was struck by the automobile. Mrs. Toomey while in the middle of the crossing, two or three feet behind Mrs. Shea and Miss Savage, saw the automobile at a distance from her of approximately one hundred seventy feet. Mrs. Toomey "was afraid of the speed of that car, and . . . instinctively went backwards" toward the grass plot in the center of the turnpike. Miss Savage and Mrs. Shea were struck by the automobile. It "seemed to swirl right into that side of the road." Mrs. Toomey "heard the sound of them being struck, it was sort of a dull thud." There was a "screeching of brakes." The automobile went "ahead quite a little . . . quite a ways up" and then backed up. Miss Savage and Mrs. Shea were lying on a grass plot at the edge of the sidewalk, which they had almost reached when struck. They were lying "almost on the sidewalk," about twenty feet apart. Miss Savage was conscious but dazed. Mrs. Shea was unconscious. Butler saw the plaintiffs and Mrs. Toomey crossing the turnpike toward the point of the accident when he was one hundred fifty feet away from them. He heard screaming and saw one of the women (Mrs. Toomey) start toward the grass plot. He was operating his vehicle at a speed of twenty to twenty-five

miles an hour. It was snowing and the road was very slippery. The windshield of the automobile was not clear. "It had been kind of a stormy night." The rear tires of the vehicle were smooth. The front tires "were not exactly smooth but not much better, they were a little better than the rear ones." Butler testified that he "couldn't see very far ahead" of him, and that "the wind was blowing and it was snowing and kind of sleet like." He also testified that when he saw the women crossing the turnpike he turned "his wheels a little to the left and was going to go around them to the rear of them and applied his brakes easily"; that "he figured he had plenty of time to keep going"; that "all of a sudden one woman stopped and turned around and started to come back towards the grass plot to his left, [that] as she did, to avoid hitting her, he applied his brakes [hard] and skidded to his right; that he felt the wheel bump; . . . that he thought he went between the two ladies and the woman who turned back"; and that he stopped because he "heard the screaming." He figured he must have hit one of the women, "didn't know he hit both of them." There was also evidence from which the jury could have found that, at the speed at which Butler was operating the automobile, he could have stopped it in twenty-five to thirty-five feet.

There was no error in the denial of the defendants' motions for directed verdicts in their favor. As already pointed out, the jury could have found that before crossing the northerly part of the turnpike the plaintiffs looked and saw the vehicle in question three hundred feet away, and that the plaintiffs were proceeding to cross at a place designed for a crossover. In all the circumstances, it could not have been ruled properly that they were guilty of contributory negligence. A pedestrian, whether he sees an automobile or not, has a right to rely to some extent on the expectation that its operator will exercise a proper degree of care for his safety. This aspect of the case is governed largely by *Legg* v. *Bloom*, 282 Mass. 303, 305, and *Nolan* v. *Shea*, 312 Mass. 631, 634, and cases cited. See G. L. (Ter. Ed.) c. 231, § 85; *Martin* v. *Florin*, 273 Mass. 13, 15.

The evidence was sufficient to warrant the jury in finding that the injuries sustained by the plaintiffs were caused by negligence of Butler. It could not have been ruled properly that there was no evidence of negligence on his part which bore a causal relation to the plaintiffs' injuries. It is obvious that findings were warranted that Butler saw the plaintiffs crossing the turnpike toward the point of collision when he was one hundred fifty feet distant from them; that he could have stopped his vehicle in time to prevent the accident (*Birch* v. *Strout*, 303 Mass. 28); that he neglected to do so; that, in the face of the fact that he could not see far ahead of him because of weather conditions, he did not slow down while approaching the plaintiffs in violation of the provisions of G. L. (Ter. Ed.) c. 90, § 14, as amended, so that this violation of the statute was not a mere condition, but bore a causal relation to the accident resulting in the plaintiffs' injuries; (see *Baggs* v. *Hirschfield*, 293 Mass. 1, 2–3,) and therefore the question whether the defendants were negligent was properly left to the jury. *Campbell* v. *Cairns*, 302 Mass. 584, 586, and cases cited. *Birch* v. *Strout*, 303 Mass. 28. *Tookmanian* v. *Fanning*, 308 Mass. 162. *Mroczek* v. *Craig*, 312 Mass. 236, 238. See *Holden* v. *Bloom*, 314 Mass. 309, 311.

No contention has been made that the automobile was not being operated by Butler within the scope of his employment by the defendant Kendrick. See G. L. (Ter. Ed.) c. 231, § 85A. In fact that issue was waived by the defendants before us.

                              *Exceptions overruled.*