NELLIE CONNELL *vs.* KATHERINE KELLEHER
(and a companion case [1]).

Middlesex.   November 9, 1944. — December 27, 1944.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Negligence*, Motor vehicle, Use of way, Contributory.

Evidence of the circumstances in which the plaintiff, after alighting from a bus proceeding at night in an easterly direction on a city street, stepped onto the sidewalk and waited until the bus had continued on its way, when she started across the street and in the middle of the street was struck by an automobile operated by the defendant in a westerly direction, warranted a finding of the defendant's negligence and did not require a finding that the plaintiff was guilty of contributory negligence.

Two ACTIONS OF TORT.   Writs in the First District Court of Eastern Middlesex dated May 21, 1943.

Upon removal to the Superior Court, the actions were tried before *Goldberg, J.*

*J. W. Blakeney*, for the defendant.

*J. T. Hargraves*, for the plaintiffs.

DOLAN, J.   These are actions of tort to recover in the first case compensation for personal injuries and in the second case consequential damages.   At the close of the evidence the defendant's motion for a directed verdict in her favor in each case was denied by the judge subject to her exception.   The jury returned a verdict for the plaintiff in each case.

---

[1] The companion case is Daniel C. Connell *vs.* Katherine Kelleher.

The evidence would have warranted the jury in finding the following facts. On August 20, 1942, between eight and eight-thirty o'clock in the evening, the female plaintiff (hereinafter called the plaintiff) alighted from an "Elevated" bus, on Salem Street, in Malden, at what is called Maplewood Square. The bus had been proceeding in an easterly direction on Salem Street. Maplewood Square is formed by the intersection of Salem Street and Lebanon Street. Salem Street is a "very heavily travelled street," with two sets of street car tracks in its center. Many stores are located in view of the place of the accident hereinafter described. Having alighted from the bus, the plaintiff stepped upon the sidewalk. She was on her way home and it was necessary to cross the street on her journey. She waited until the bus was almost out of sight, and, before leaving the sidewalk, looked both ways and did not see any vehicle approaching in either direction. Proceeding to cross the street "where the lines were," she had arrived at a point between the two sets of car tracks when she was struck by the left front fender of an automobile operated by the defendant, causing her to roll back "over the fender down onto the ground." The only evidence tending to show when the plaintiff first saw the defendant's vehicle was to the effect that just before being struck she threw her right hand up and "couldn't stop herself quick enough." At that time the defendant's automobile was "straddling" the second rail from the curbstone on her right. The defendant was operating her vehicle in a westerly direction at a speed of about fifteen miles an hour with the headlights lighted. She testified that, when she was about one hundred feet from the bus, there were no vehicles parked on the side of the street where she was driving; that she saw the bus when at that distance; that it attracted her attention because it was "lit up"; that when she came within twelve feet of it she noticed it particularly; that she was watching the street for people, "anyone who would come from the front of the bus"; that she continued along on her course; that when she was "about past the bus a big crash came down on top of the left front mudguard of her car"; that

she pulled her automobile "a little way further up," got out and "came back to find out what was wrong, and saw a woman on the street"; and that she did not see her before the collision.

The jury could have found that the plaintiff was half way across the street in the path marked for crossing when the collision occurred; that although the defendant testified that the bus was stopped, she proceeded without reducing the speed of her vehicle, directing her attention to watching only for people who might come from the front of the bus, without regard to the possibility that some might come from its rear; and that this was a circumstance that she should have foreseen.

In the circumstances above recited we are of opinion that the evidence was sufficient to warrant the jury in finding that the defendant was negligent and that her negligence bore a causal relation to the plaintiff's injury. On the evidence in its aspect most favorable to the plaintiff, it could not have been ruled that she was guilty of contributory negligence. See G. L. (Ter. Ed.) c. 231, § 85. The present case is governed in principle by what is said in *Campbell* v. *Cairns*, 302 Mass. 584, 586–587, with citation of supporting authorities. See also *Shoobridge* v. *Callahan*, 310 Mass. 632, 634–635; *Mroczek* v. *Craig*, 312 Mass. 236, 238; *Nolan* v. *Shea*, 312 Mass. 631, 634. The facts in the *Campbell* case are similar to those in the present case except with respect to the rate of speed at which the automobile involved in that and in the instant case was being operated.

*Exceptions overruled.*