*Municipal Court of the*
*City of Boston*
No. T-28532

**LINDA HEFFERNAN**

**v.**

**YVONNE JELINEK**

Argued: June 8, 1973 - Decided: Sept. 19, 1973

*Present:* Lewiton, C.J., Morrissey, Glynn, JJ.
Case tried to *DeGuglielmo, J.*

**Lewiton, C.J.** In this tort action, the plaintiff seeks to recover for personal injuries allegedly caused her by the defendant's negligent operation of a motor vehicle. The defendant answered by way of general denial and the defenses of contributory negligence and violation of law by the plaintiff. The case is here on the defendant's claim that trial court erred in denying her requests for rulings that the evidence did not warrant (1) a finding that the defendant was negligent, or (2) a finding for the plaintiff.

There was no error in the denial of the requested rulings.

**There was evidence at the trial tending to show the following:**

At about 1:00 A.M. on Sunday, December 8, 1968, the plaintiff and three women companions were walking in a northerly direction on the easterly sidewalk of Washington Street, Boston. Two of these women were walking ahead of the plaintiff and one Alberta Baldwin, the latter walking to the right of the plaintiff. Motor vehicle traffic on Washington Street was permitted only in a northerly direction, and the area involved in the accident was illuminated. At the intersection of Washington Street with Norfolk Place there was a puddle of water on Norfolk Place. The two women walking ahead of the plaintiff proceeded out onto

Washington Street and around the puddle. Before following, the plaintiff looked behind her for motor vehicles proceeding on Washington Street. She observed the headlights of vehicles on Washington Street at the intersection of Essex Street. She did not observe any vehicle proceeding and stepped from the curb onto Washington Street. The plaintiff took one to one and one half steps from the curb and was then struck by the right front bumper and fender of the vehicle operated by the defendant. When the accident occurred, the two women walking ahead of the plaintiff had already proceeded around the puddle. As the plaintiff looked south down Washington Street before stepping from the curb, Baldwin looked in the same direction and observed vehicles at the intersection of Washington Street and Essex Street and did not observe any vehicles proceeding on Washington Street. Neither the plaintiff nor Baldwin observed the defendant's vehicle until about the point of the accident.

The defendant argues that in the absence of specific evidence as to the speed of the defendant's vehicle or other details as to its manner of operation prior to, and at the time of, its contact with the plaintiff, there is no basis for a finding of negligence, or a finding that any negligence of the defendant caused the accident. It is true that the mere happening of an accident is no evidence of negligence, *Callahan* v. *Lach,* 338 Mass. 233, 235; *Zarrillo* v.

*Stone,* 317 Mass. 510, 512, and that the plaintiff may not recover if the state of the evidence leaves the cause of her injury a matter of conjecture or speculation. *Woods* v. *DeMont,* 322 Mass. 233, 235; *Richard* v. *R. S. Brine Transportation Company,* 357 Mass. 768, 769.

However, such cases are inapposite to the case at bar, where the trial judge could properly have found from the evidence and the inferences reasonably to be drawn therefrom that the accident resulted from the failure of the defendant to operate her motor vehicle in a reasonably prudent manner, with due regard to the safety of pedestrians using the way. Thus, the evidence warranted findings that as the defendant drove along Washington Street at 1:00 A.M., approaching the plaintiff and her companions from the rear, with no other traffic in the area at the time, she could and should have observed the first pair of the plaintiff's companions, as they came to a narrow intersecting way, leave the sidewalk on which they had been walking, and proceed onto and along the vehicular portion of Washington Street; that the defendant should then have anticipated that the plaintiff and her other companion (Baldwin) might follow the same course; that the defendant, having the full width of the road available to her, should thereupon have altered her course, or speed, or both, so as to avoid striking the plaintiff if the latter should (as in fact she did) proceed

off of the sidewalk and onto the roadway; that the defendant had ample time and opportunity to so alter her course or speed, or both between the time the first pair of women proceeded from the sidewalk onto Washington Street and the time her vehicle struck the plaintiff; and that the defendant's failure to operate her vehicle in such manner as to avoid striking the plaintiff amounted, under the circumstances, to negligence on the part of the defendant. *Cf. Conrad v. Mazman,* 287 Mass. 229, 233-4; *Mulroy v. Marinakis,* 271 Mass. 421, 424; *Marchant v. Connelly,* 335 Mass. 397, 399-400; *D'Ambrosia v. Brest,* 302 Mass. 316, 318; *Bartley v. Phillips,* 317 Mass. 35, 37. This case is distinguishable on its facts from those in which the defendant had no reason to anticipate that the plaintiff would move into a position of danger. *Burke v. Durland,* 312 Mass. 291, 292; *Cioffi v. Lowell,* 316 Mass. 256, 258; *Woods v. DeMont,* 322 Mass. 233, 235; *Cunningham v. Thurman Transport Inc.,* 358 Mass. 824, 825.

In support of its requested ruling that a finding for the plaintiff was not warranted, the defendant relies also on "Pedestrian Control Rule 6(b)" which was promulgated by the Traffic and Parking Commission of the City of Boston, and which reads as follows:

> "No pedestrian shall leave a sidewalk or safety island and walk or run into the path of a moving vehicle which is so close

that it is impossible for the driver to yield the right of way.''

The plaintiff insists that Rule 6(b) was not introduced in evidence at the trial and that it may not, therefore, be considered by us. The Report is silent as to whether the Rule was in evidence. If it was not admitted in evidence it would not be the subject of judicial notice by the trial judge or by us. *Passanessi* v. *C. J. Maney Co., Inc.,* 340 Mass. 599, 604; *Finlay* v. *Eastern Racing Ass'n., Inc.,* 308 Mass. 20, 27. However, because of the Rule's ambiguous posture in the Report, we shall consider its applicability to the plaintiff's claim.

In our opinion, recovery by the plaintiff in this action is not barred by Pedestrian Control Rule 6(b). For one thing, there is nothing in the Report to indicate that this Rule had been adopted or was in effect at the time of the plaintiff's injury. Moreover, as we have noted above, the evidence warranted a finding that the defendant had ample opportunity to change her course or speed, or both, to avoid striking the plaintiff. Consequently, the judge was not required to rule that Rule 6(b) was applicable to the plaintiff, or precluded her recovery against the defendant.

The question of contributory negligence in this case was one of fact. While the plaintiff was obliged to exercise due care for her own safety, she was entitled to rely to the same extent on the expectation that the operator of

the defendant's vehicle would exercise a proper degree of care for the safety of the plaintiff. *Shea* v. *Butler*, 315 Mass. 523, 525; *Nolan* v. *Shea*, 312 Mass. 631, 634; *Tookmanian* v. *Fanning*, 308 Mass. 162,. 166-7.

. It is hereby ordered that the Report be dismissed. **Report dismissed.**

WARREN J. O'BRIEN
· for Plaintiff
JOHN G. PRESTON
for Defendant