THE SCREW MACHINE PRODUCTS CORPORATION *vs.* UNION LIGHT AND POWER COMPANY.

Norfolk.    January 18, 1928.— January 19, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & SANDERSON, JJ.

*Negligence*, Motor vehicle, In use of highway.

At the hearing by a judge without a jury of an action for damage to an automobile sustained in a collision, there was evidence that the automobile of the plaintiff was being driven with due care on its right side of the highway; that a motor truck was approaching it from the opposite direction; that, as that truck and the plaintiff's automobile approached each other, the defendant's truck, driven by his agent acting within the scope of his authority and following the other motor truck, turned out and attempted to pass it and that thereby the collision occurred, and that the driver of the defendant's truck did not allow a sufficient factor of safety in attempting to pass the truck in front of him in the circumstances. *Held*, that a finding that the driver of the defendant's truck was negligent was warranted.

TORT for damages to an automobile of the plaintiff sustained in a collision when it was being driven by Doris Briggs. Writ dated August 7, 1925.

In the Superior Court, the action was heard by *Keating*, J., without a jury.    Material evidence is stated in the opinion. The judge found for the plaintiff in the sum of $3,043.    The defendant alleged exceptions.

*S. P. Sears*, for the defendant.

*M. F. Weston*, for the plaintiff.

RUGG, C.J.    This is an action of tort wherein the plaintiff seeks to recover compensation for damage to its automobile sustained in a collision.

There was evidence tending to show that the automobile of the plaintiff was being driven with due care on its right side of the highway; that one motor truck was approaching it, being driven from the opposite direction; that as these two motor vehicles approached each other, a motor truck, owned by the defendant and driven by its agent acting within the scope of his authority and following the other motor

truck, turned out and attempted to pass it, and that thereby the collision occurred. Without narrating the evidence in further detail, plainly it might have been found that the driver of the defendant's truck did not allow a sufficient factor of safety in attempting to pass the truck in front of him under conditions where three motor vehicles, travelling at considerable speed, might have been side by side on a highway barely wide enough for such passing under the most favorable conditions. In behalf of the defendant it has been earnestly argued with careful analysis of evidence that the collision was caused by the driver of the truck in front of the defendant's truck turning somewhat toward the center of the road as the servant of the defendant attempted to pass it. The judge, however, would have been entirely justified in finding that the attempt to pass under the circumstances disclosed was in itself an act of negligence on the part of the servant of the defendant.

*Exceptions overruled.*