EDWARD P. SEYMOUR, administrator, *vs.* WILFRED C. DUNVILLE.

Worcester.   September 25, 1928. — November 26, 1928.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* Motor vehicle, In use of highway.

At the trial of an action of tort for causing conscious suffering and the death of one driving an automobile past a motor truck from the rear, there was evidence that the driver of the truck saw and heard the automobile when its radiator was abreast of the truck's radiator, with a clearance of two feet between the vehicles; that each was going about seventeen miles per hour, and that the left front wheel of the truck then suddenly swerved to the left hitting the right front wheel of the automobile. *Held,* that a finding was warranted that the driver of the truck knew of the approach of the automobile before the collision and that he was careless either in turning the truck into the automobile or in not preventing it from so turning.

There was evidence at the trial of the action above described that the automobile was a Ford runabout, that its seat had been removed and there had been bolted to the frame in its place a rear seat from a Hudson automobile large enough to seat three adults of ordinary size, and that three persons were sitting there, the driver being in the middle; that, shortly before the accident, to remedy a blow-out of the right front tire, the tire had been stuffed with weeds, grass and paper until it was solid and then had been put back on the wheel; that in that condition the tire was as firm as it would have been if supported by air pressure, and that it did not come off before the collision. *Held,* that

(1) A finding was warranted that the condition of the right front tire had no causal connection with the accident;

(2) It was a question of fact for the jury whether the presence of three persons on the front seat, one of whom was on the owner's left, interfered with his driving, in violation of G. L. c. 90, § 13, in such a way as to be a contributing cause of the accident;

(3) The question, whether the deceased was negligent in not allowing sufficient clearance between the runabout and the truck, was for the jury to decide;

(4) The question, whether negligence of the deceased contributed to cause the accident, was for the jury.

TORT for causing conscious suffering and the death of Leo J. Seymour, the plaintiff's intestate. Writ dated June 18, 1925.

In the Superior Court, the action was tried before *P. J. O'Connell*, J. Material evidence is stated in the opinion. There were verdicts for the plaintiff in the sum of $3,400.50 on a count for causing death, and of $1,500 on a count for conscious suffering. The defendant alleged exceptions.

*J. C. McDonald*, for the defendant.

*W. I. McLoughlin*, for the plaintiff.

SANDERSON, J. This is an action by the administrator of Leo J. Seymour for death and conscious suffering, resulting from a collision in the night between a truck, owned by the defendant and operated by his employee acting within the scope of his employment, and a Ford runabout owned and operated by the deceased. The verdict was for the plaintiff. The only exception argued is to the refusal of the judge to allow the defendant's motion for a directed verdict.

At some time before the date of the accident, the seat of the runabout had been removed and a rear seat from a Hudson automobile had been bolted to the frame in its place, large enough, according to the testimony, to seat three adults of ordinary size. The runabout had no mud guards. Shortly before the accident the deceased was riding with two companions when a blowout occurred in the right front tire; they had no spare tire and the inner tube was beyond repair. The tire was stuffed with weeds, grass and paper until it was solid and then put back on the wheel. The automobile of the deceased was not equipped with demountable rims but the tires were attached directly to the wheels. There was testimony tending to prove that after being thus repaired the tire was as firm as it would be if supported by air pressure, and that it did not come off before the collision. After the tire was put in place the three proceeded on their way, the deceased driving and sitting between the other two, the heavier of whom was on his left. They approached the truck on a one way street, following it about a hundred yards down a hill. As the deceased turned out to pass the truck one of his companions sounded a Klaxon horn to notify the driver of the truck of their approach. That driver testified that he heard the

noise of the Ford motor but did not hear a horn. In attempting to pass, the deceased drove along for about one hundred feet on the left of the truck at a speed of about seventeen miles per hour, with a clearance of two feet from the truck and two feet from the curb; when the radiators of the two vehicles were opposite each other the left front wheel of the truck suddenly swerved to the left hitting the right front wheel of the runabout and causing the injuries to the plaintiff from which, after conscious suffering, he died. In statements of the deceased admitted in evidence, he said, in substance, that the truck cut in as he was passing and ran him down.

The jury could have found that the driver of the truck knew of the approach of the automobile before the collision even if he did not hear the horn, and they could have found him careless either in turning the truck into the runabout or in not preventing it from so turning. The driver did not testify that any uneven condition of the street caused the truck to turn to the left. He denied that it turned and said that the Ford crashed into the left front wheel of the truck. The jury could have found that the right front tire with its unusual filling had no causal connection with the accident.

The testimony offered by the plaintiff as to the cause of the accident made it also a question of fact whether the presence of three persons on the front seat, one of whom was on the owner's left, interfered with his driving in such a way as to be a contributing cause of the accident. G. L. c. 90, § 13. *Shapiro* v. *Union Street Railway*, 247 Mass. 100, 104. The question whether the deceased was negligent in not allowing sufficient clearance between the runabout and truck was for the jury to decide. *Screw Machine Products Corp.* v. *Union Light & Power Co.* 262 Mass. 320.

*Exceptions overruled.*