ELIZA R. PEASE *vs.* ARTHUR LENSSEN, THIRD.

Dukes County.   March 26, 1934. — April 3, 1934.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Negligence,* In use of way, Motor vehicle, Contributory.

Where, at the trial of an action of tort by a woman pedestrian who sustained injuries through being struck by an automobile driven upon her from the rear at ten o'clock on a June evening, there was evidence that the plaintiff was walking on her right hand side of a concrete pavement where there was no sidewalk, had turned to her left to pass a parked automobile and was turning again to her right when she was struck by the defendant's automobile, which had made a wide turn from another street and was being driven at the rate of twenty miles per hour, and that the defendant saw the plaintiff after turning the corner, tried to avoid striking her and gave her no signal of his approach, it could not be ruled as a matter of law either that the plaintiff was guilty of contributory negligence or that the defendant was not negligent: both questions were for the jury.

TORT.   Writ dated November 28, 1932.

In the Superior Court, the action was tried before *Hanify,* J.   Material evidence is described in the opinion.   A motion by the defendant that a verdict be ordered in his favor was denied.   There was a verdict for the plaintiff in the sum of $6,000.   The defendant alleged exceptions.

The case was submitted on briefs.

*F. E. Smith & A. V. Sullivan,* for the defendant.

*F. Vera & W. S. Downey,* for the plaintiff.

RUGG, C.J.   The plaintiff seeks in this action of tort to recover compensation for personal injuries alleged to have been sustained while walking on a public way by being struck by an automobile negligently operated by the defendant.   The accident occurred about ten o'clock in the evening of a June day near the intersection of streets in the village of Edgartown.   The evidence in its aspect most favorable to the plaintiff tended to show that, walking on her right of the concrete surface of the highway, she had turned to her

left to pass a parked automobile and was turning again to her right when she "heard a rushing sound and talking and laughter," and sensed that there was an automobile coming toward her from behind and she was struck. She had always lived in the town and was familiar with this intersection of streets. There were no sidewalks in the vicinity. The defendant and two others were sitting on the front seat of the automobile. There was an electric light at the corner of the streets. The defendant had made a wide turn from one street into the other at a speed of about twenty miles per hour; his view around the corner was obstructed by darkness. He had straightened his automobile out so that it was parallel with the road, saw the plaintiff walking, tried to avoid hitting her and gave no signal of his approach. After the accident the plaintiff was near the right wheel to the rear of the center of his automobile.

It is not necessary to narrate the evidence in further detail. Whether the plaintiff by her contributory negligence was barred from recovery could not rightly have been ruled as matter of law. It was a question of fact, the burden of proof resting upon the defendant. *O'Connell* v. *McKeown*, 270 Mass. 432, 435.

Whether the plaintiff was injured through the negligence of the defendant was also a question of fact. The principles of law governing this class of cases are thoroughly settled and need not be repeated. "The rights and duties of the plaintiff and of the defendant were reciprocal and must be so exercised by each as not to injure the other, and each might rely to some extent upon the due care of the other." *Hutchinson* v. *H. E. Shaw Co.* 273 Mass. 51, 52, and cases cited. *Hennessey* v. *Taylor*, 189 Mass. 583. *Emery* v. *Miller*, 231 Mass. 243. *Powers* v. *Loring*, 231 Mass. 458. *Hughes* v. *Iandoli*, 278 Mass. 530. *Clark* v. *C. E. Fay Co.* 281 Mass. 240.

*Exceptions overruled.*