LUELLA M. NOYES *vs.* VERLIE WHITING,

Middlesex.    December 10, 1934. — January 28, 1935.

Present: RUGG, C.J., CROSBY, DONAHUE, & LUMMUS, JJ.

*Negligence,* Motor vehicle, In use of way, Contributory, Proximate cause. *Practice, Civil,* Requests, rulings and instructions. *Damages,* For tort.

The questions of the negligence of the defendant and of the contributory negligence of the plaintiff were for the jury on the evidence at the trial of an action for personal injuries sustained by a pedestrian when he, while crossing a street at its intersection with another street at night, was struck by an automobile operated by the defendant, which had come up the second street in the same direction as that in which the plaintiff was walking and had turned into the first street.

At the trial above described, it was proper to refuse a ruling requested by the defendant, that "if the plaintiff looks and fails to see what is present so far as his conduct is concerned, he is in the same position as a person who fails to look," both because it was assumed in the request that the defendant's automobile was "present" at a time when, according to the evidence, the plaintiff looked behind him down the second street before starting to cross the first street, and because the request contained no definition of the position of "a person who fails to look."

At the trial of an action for personal injuries, the defendant cannot require the trial judge to give instructions with respect to particular fragments of the evidence bearing on the issue of the plaintiff's contributory negligence.

Where, at the trial of an action for injury to the plaintiff's foot resulting from negligence of the defendant, there was evidence that the plaintiff's physician advised him to have an operation performed on his foot in order to make it usable, but that he refused to submit to the operation; that substantial recovery would have resulted from the operation; and that the cost thereof would have been about $500,

it could not properly have been ruled as a matter of law that the plaintiff's failure to follow the physician's advice was *per se* negligence barring the plaintiff from recovery for such injurious consequences of the defendant's negligence as could have been avoided by the operation: that question was for the jury.

TORT. Writ dated December 16, 1932.

The action was tried in the Superior Court before *Keating*, J. Material evidence is stated in the opinion. There was a verdict for the plaintiff in the sum of $6,000. The defendant alleged exceptions.

*G. B. Rowell*, for the defendant.

*W. P. Lombard*, for the plaintiff.

LUMMUS, J. Shortly before seven o'clock on a misty November evening, the plaintiff, a woman of sixty-six years, dressed in dark clothing and carrying a raised umbrella, was walking eastward on the left hand sidewalk of School Street in Everett. She arrived at Corey Street, which intersects School Street. There was a street light on one of the four corners of the intersection. Having looked behind her down School Street and having seen no automobile, she started to cross Corey Street, which is about twenty-eight feet wide. When she had nearly reached the opposite side, she was struck by an automobile operated by the defendant, which came up School Street in the same direction as the plaintiff and turned to the left into Corey Street. The right front bumper hit the plaintiff. The defendant saw the plaintiff just before hitting her, applied the brakes, and turned to the left in the attempt to avoid her. Upon evidence warranting a finding of these facts, the issues of negligence of the defendant and due care of the plaintiff were for the jury. *Hutchinson* v. *H. E. Shaw Co.* 273 Mass. 51. *McGuiggan* v. *Atkinson*, 278 Mass. 264. *La Roche* v. *Singsen*, 281 Mass. 369. *Clark* v. *C. E. Fay Co.* 281 Mass. 240. *Legg* v. *Bloom*, 282 Mass. 303. *Pease* v. *Lenssen*, 286 Mass. 207. *Callahan* v. *Boston Elevated Railway*, 286 Mass. 223. *Sooserian* v. *Clark*, 287 Mass. 65. *Mosher* v. *Hayes*, 288 Mass. 58.

The defendant excepted to the failure of the judge to give the following requested instructions: "10. As matter

of law failure to observe the present danger after looking is some evidence of lack of care. 11. If the plaintiff looks and fails to see what is present so far as her conduct is concerned, she is in the same position as a person who fails to look." As to the former, it is enough to say that the defendant had no right to require the judge to point out and emphasize a single piece of evidence bearing on the issue of contributory negligence. *Commonwealth* v. *Polian,* 288 Mass. 494, 499. The latter request not only assumed that the defendant's automobile was "present" when the plaintiff looked, but was only a useless abstraction in the absence of a definition of the position of "a person who fails to look." There is no rule of law that can be laid down to a jury to the effect that under all circumstances a pedestrian must look before or while crossing a street. *Hennessey* v. *Taylor,* 189 Mass. 583. *Donovan* v. *Bernhard,* 208 Mass. 181. *Di Rienzo* v. *Goldfarb,* 257 Mass. 272, 280. *Barrett* v. *Checker Taxi Co.* 263 Mass. 252, 254. The case differs from those in which a pedestrian suddenly steps from a place of safety directly in front of a moving vehicle. *Will* v. *Boston Elevated Railway,* 247 Mass. 250. *Doyle* v. *Boston Elevated Railway,* 248 Mass. 89. *Hughes* v. *Iandoli,* 278 Mass. 530, 535. There was no error in the failure to give these requested instructions.

The plaintiff's physician advised her to have an operation performed on her injured foot, in order to make it usable, but she refused to submit to it. His uncontradicted testimony was that the cost would have been $500 or a little more, and that substantial recovery would have resulted. The judge charged the jury in substance that if her failure to submit to the operation was negligent, she could not recover for injurious consequences which resulted from such failure, or could have been avoided by the operation. In this there was no error. We think that it could not have been ruled as matter of law that her failure to follow medical advice in this case was negligence *per se.* The question was for the jury. *McGarrahan* v. *New York, New Haven & Hartford Railroad,* 171 Mass. 211. *Gray* v. *Boston Elevated Railway,* 215 Mass. 143, 147. *Sheppard's Case,* 287

Mass. 459, 463. *Cero* v. *Oynesando*, 48 R. I. 316. *Potts* v. *Guthrie*, 282 Penn. St. 200, 203. *James B. Berry's Sons Co.* v. *Presnall*, 183 Ark. 125, 130. *H. T. Whitson Lumber Co.* v. *Upchurch*, 198 Ky. 127. *Gibbs* v. *Almstrom*, 145 Minn. 35; *S. C.* 11 Am. L. R. 227.

*Exceptions overruled.*