DOROTHY F. E. CARPENTER *vs.* WILLIAM E. ANDERSON.

JOSEPH H. CARPENTER *vs.* SAME.

DOROTHY B. FRAZIER *vs.* SAME.

Essex.    November 17, 1938. — December 5, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Practice, Civil,* New trial. *Motor Vehicle,* Operation.

The denial of a motion for a new trial, based upon grounds which were addressed to the discretion of the judge or which could have been raised at the trial, showed no error of law.

Evidence of the presence of two persons beside the operator in the front seat of an automobile, without more, would not warrant a finding of a violation of G. L. (Ter. Ed.) c. 90, § 13.

THREE ACTIONS OF TORT. Writs in the District Court of Eastern Essex, the first two dated October 21, 1936, the third January 15, 1937.

On removal to the Superior Court, the actions were tried before *Dillon*, J. There were verdicts for the plaintiffs in the sums of $1,500, $250, and $3,500, respectively. The defendant alleged exceptions.

*R. H. Sproul*, for the defendant.

*F. G. Moulton*, (*S. Pearl & G. E. Mears* with him,) for the plaintiffs.

RONAN, J. The plaintiffs in the first and third cases were riding on the front seat of an automobile, as the guests of the operator, one Curran, along a public highway, when it came into collision with an automobile driven by the defendant. These two plaintiffs were minors. The plaintiff in the second case was the father of the plaintiff in the first case. The jury returned a verdict for each of the plaintiffs. The negligence of the defendant and the contributory negligence of the minor plaintiffs were questions of fact. The defendant filed no motions for directed verdicts but excepted to the refusal to grant his motions for a new trial. The grounds of the motions were matters which could have been raised at the trial or which were addressed to the discretion of the judge, and their denial shows no error of law. *Commonwealth* v. *Millen*, 290 Mass. 406, 408. *Murnane* v. *MacDonald*, 294 Mass. 372, 374.

In the first and third cases — and in the second with a slight change in form but not in substance — the defendant excepted to the refusal of the judge to give these two instructions. "5. That under G. L. (Ter. Ed.) c. 90, § 13, the presence of three people in the front seat of the Curran car may be found by the jury to have hindered or interfered with the operation of the Curran car and to have been a contributing cause of the accident. 7. If the two plaintiffs were riding on the front seat of the Curran automobile, and their presence limited the driver of the automobile in his exercise of control over the automobile and his lack of control or limited operation in any way contributed to the accident, then this plaintiff cannot recover and the jury's verdict should be for the defendant." In denying these requests the judge said: "I refused because I rule they are inapplicable. There is no evidence that was produced upon

the subject matter; and there was not one piece of evidence at all about the size of the seat, that was occupied by these three people, or the size of the people, or the conduct of the parties, or any evidence at all that there was anything that made the statute applicable." We have examined the record and we agree with the judge for the reasons stated. He could not rule as matter of law that the occupancy of the front seat by three persons constituted a violation of G. L. (Ter. Ed.) c. 90, § 13. The requests were not based upon the testimony. The defendant relies upon *Shapiro* v. *Union Street Railway*, 247 Mass. 100, and *Seymour* v. *Dunville*, 265 Mass. 78. In the former case, there was evidence of the dimensions of the seat and that it was occupied by four persons, one of whom sat partially on the door. In the latter case, according to the original papers, a person weighing almost two hundred pounds sat to the left of the operator, who was not directly back of the steering wheel. Another person occupied a seat on the right. The front tire was filled with weeds, grass and paper and the automobile was travelling along an uneven road. Whether the driver permitted anything to interfere with proper operation of the automobile was there in issue.

*Exceptions overruled.*