ELLEN G. NICHOLSON, executrix, *vs.* WILLIAM F. BABB.

Middlesex. April 6, 1939. — October 27, 1939.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Negligence*, Motor vehicle, Contributory.

Evidence of the circumstances in which a pedestrian walking across a lighted street at night at a place where there was no traffic nor parked vehicles was struck by an automobile operated by one who had been using intoxicating liquor warranted a finding that the operator was negligent and did not require a ruling that the pedestrian was guilty of contributory negligence.

TORT for personal injuries, originally brought by William H. Nicholson and afterwards prosecuted by the executrix of his will. Writ in the District Court of Somerville dated August 10, 1935.

On removal to the Superior Court, a verdict for the plaintiff in the sum of $5,000 was returned before *Greenhalge*, J. The defendant alleged exceptions.

*D. H. Fulton*, for the defendant.
*H. J. Dixon*, (*J. H. Dixon* with him,) for the plaintiff.

COX, J. In May, 1935, at about one o'clock in the morning, the plaintiff's testate was struck by an automobile that was being operated by the defendant, in a northerly and intown direction, at the rate of about thirty miles per hour on Columbus Avenue, in Boston. The jury returned a verdict for the plaintiff, and the exception of the defendant is to the denial of his motion for a directed verdict.

Although the evidence was conflicting, especially as to where the deceased was in the street when struck, the jury could have found that at the time of the injury there were two other persons sitting on the seat of the automobile

with the defendant and a woman sitting on the lap of one of these two. Immediately after the injury the defendant's breath smelled "like intoxicating liquors," and he "hesitated in his speech." There was evidence that he had had two glasses of beer earlier in the evening. Columbus Avenue at the place of the injury is fifty-four feet wide from curb to curb. After striking the deceased, the defendant continued on for about six hundred feet where he was stopped by a police officer who, in his automobile, had been following the defendant. When this officer asked the defendant why he "didn't stop and pick up the man," the defendant said, "I didn't know I hit anybody," whereupon one of the women in the car said, "I told you that. I told you at the time you struck this man you should have picked him up." The right front headlight of the defendant's automobile was broken, the right front mudguard was bent, the radiator was bent back about two or three inches, and there was some glass in the road "like the lens of a headlight within three feet of the body in the center of the road." A witness who had just crossed from the easterly to the westerly side of Columbus Avenue going in the same direction that the deceased travelled, turned at the moment he heard the impact and saw the automobile driving by and could see "the man's body lying in the center of Columbus Avenue." The defendant's automobile was "a little to the left of center of street, and the body to the right of the center . . . ." There were no vehicles parked on the easterly side of the avenue from a point opposite the point of impact to the south, from which direction the defendant's automobile came, but there was one automobile and possibly two parked on the easterly side to the north of this point. There was no automobile ahead of the defendant. One of the deceased's shoes was near his body, and the other was about ten feet to the south, that is, "it was in the intersection." The night was fair and there were "the regular street lights in that section with no lights out." As bearing upon the deceased's movements, it could have been found that he was standing on the easterly side of Columbus Avenue at the corner of Columbus Square and that he

"walked off the curbstone" followed by one of the witnesses who looked both ways but saw no automobile approaching until after the deceased was struck; that the deceased was walking at a "regular, ordinary pace" just ahead of the witness. The wife of the deceased testified that after the injury her husband told her that "he got off the curbing, looked up and down, kept looking up and down as he walked across the street and got struck." Aside from the testimony that a police officer was driving on Columbus Avenue and was following the defendant's automobile, and that the latter was coming from the direction of Massachusetts Avenue, there is nothing in the record to show the distance on Columbus Avenue that the defendant's automobile had travelled prior to the injury.

It was a question of fact for the jury in the circumstances disclosed whether the deceased was injured through the negligence of the defendant. *Learned* v. *Hawthorne,* 269 Mass. 554, 559, 561. *Mulroy* v. *Marinakis,* 271 Mass. 421, 424. *Griffin* v. *Feeney,* 279 Mass. 602, 604. *Fayard* v. *Morrissey,* 281 Mass. 166, 168. *Conrad* v. *Mazman,* 287 Mass. 229, 233, 234. *Stowe* v. *Mason,* 289 Mass. 577, 581. See *Shapiro* v. *Union Street Railway,* 247 Mass. 100, 104; *Seymour* v. *Dunville,* 265 Mass. 78; *Pease* v. *Lenssen,* 286 Mass. 207; *Hall* v. *Shain,* 291 Mass. 506, 509. Compare *Carpenter* v. *Anderson,* 301 Mass. 550.

It could not have been rightly ruled as matter of law that the deceased was contributorily negligent. This was a question of fact, the burden of proof resting upon the defendant. "The rights and duties of the plaintiff and of the defendant were reciprocal and must be so exercised by each as not to injure the other, and each might rely to some extent upon the due care of the other." *Pease* v. *Lenssen,* 286 Mass. 207, 208, and cases cited. "There is no rule of law that can be laid down to a jury to the effect that under all circumstances a pedestrian must look before or while crossing a street." *Noyes* v. *Whiting,* 289 Mass. 270, 272, and cases cited. The mere fact that a pedestrian looked and saw no approaching vehicle is not, as matter of law, conclusive against him on the question of his due care.

*French* v. *Mooar,* 226 Mass. 173. *Bishop* v. *Pastorelli,* 240 Mass. 104, 107, and cases cited. There was nothing in the evidence to show that there was any cross walk on Columbus Avenue, but if there were such a walk, the fact, if it was a fact, that the deceased was not using it was not in itself negligence on his part. Whether the deceased was in the exercise of reasonable care in this respect was for the jury. *Ristuccia* v. *Boston Elevated Railway,* 283 Mass. 529, 531, 532. *Sooserian* v. *Clark,* 287 Mass. 65, 68. This is not a case where the only conclusion permissible is that the deceased suddenly stepped from a place of safety directly in front of a moving vehicle. See *Hughes* v. *Iandoli,* 278 Mass. 530, 535. *Noyes* v. *Whiting,* 289 Mass. 270, 272. See *Donovan* v. *Bernhard,* 208 Mass. 181; *Walker* v. *Boston Elevated Railway,* 266 Mass. 141, 144, 145.

But the defendant contends that the plaintiff is bound by the testimony of the wife of the deceased as to the conversation already narrated. Even if we assume that the plaintiff is the widow, it is unnecessary to decide this question. It is to be observed that it does not appear from the alleged statement of the deceased whether he saw the defendant's automobile or not, and we do not think that the inference is required from what he is alleged to have said that he did not see it. Furthermore, the record does not disclose the distance that the defendant's automobile travelled on Columbus Avenue prior to the impact. The deceased may have seen the automobile and have concluded that the defendant saw him and would operate his automobile with due regard for his safety and would not negligently run him down. See *McGuiggan* v. *Atkinson,* 278 Mass. 264, 266. The trial judge could not have ruled as matter of law that the defendant had maintained the burden of proving that the deceased was contributorily negligent. G. L. (Ter. Ed.) c. 231, § 85. *Mulroy* v. *Marinakis,* 271 Mass. 421, 423. *Griffin* v. *Feeney,* 279 Mass. 602. *Conrad* v. *Mazman,* 287 Mass. 229, 234. *Leveillee* v. *Wright,* 300 Mass. 382, 389.

*Exceptions overruled.*