Hibbard, P. J.
It is difficult to condense into narrative form the voluminous report in this action.
Stated as succinctly as possible, it is an action of tort, the plaintiff a pedestrian on a public way claiming to have sustained injuries due to the negligent operation of an automobile by the defendant. There was a plea that the plaintiff was not in the exercise of due care. The real issues are whether on all the evidence the plaintiff was in the exercise of due care and whether the defendant was negligent in the operation of his motor vehicle. The plaintiff’s testimony was that he was a man sixty-four years of age, that he had to report for work at 7 P. M., that he had been at his daughter’s home near Leicester Street, which street intersects Route #20; that he walked up said street to a gasoline station which seemingly was at the junction of said *303 street and said route; that he then visited with some friends at said station, made a purchase and walked along a driveway leading to said station; that he stopped on the southerly shoulder of said route #20 opposite a light pole which was directly across on the north side of said route; that he then looked up and down the road, saw no cars coming; that a view to the west was at least one-fourth of a mile, that he then observed the traffic light controlling the same passing east and west on said route #20 was red, that he then proceeded to cross route #20 always looking up and down to see if anything was coming; that when he got to the center of the road which was thirty-eight feet in width with four lanes for travel he looked to the left and right up and down the road and saw nothing coming and continuing to cross looking to left and right saw nothing; that when he got within four or five feet of the edge of the macadam he saw the defendant’s automobile for the first time with its headlights on coming seventy-five to one hundred feet away from him approaching from his right; that he took two or three steps and stopped dead on the edge of the macadam and continued watching the defendant’s car which was then headed straight toward him and was fifteen or twenty feet away; that he remained in that position but the car continued along and the right side of the bumper struck him; that his reason for stopping was because he did not know what to do, was scared and did not know which way the car was going, that the lights of the defendant’s car were right on top of him all the time and he didn’t know which way it was going.
On cross-examination the plaintiff testified that when he stood on the south side of the road he looked in the direction of Worcester and saw red lights distinctly which lights controlled the traffic he would have to cross; that when he reached the center of the road the red lights were *304 still on; that when he stopped he was on the edge of the macadam, that he could have continued to walk onto the shoulder and that he was f¿miliar with the traffic system located at the intersection of Leicester Street and route #20 where the lights could be controlled by a pedestrian through the use of press buttons; that he had lived in the neighborhood for four or five years; that after the accident he was lying on the shoulder of the road under a street light.
There was supporting evidence for the plaintiff as follows: That as one walks northerly into and across route #20 from the gasoline station, one looking easterly has a view of five to six hundred feet which however increases as one proceedes north; that it was twilight when the accident happened; there were flood lights in the immediate vicinity, the roadway was well lighted and the accident happened under a street light which was lighted; that the defendant’s headlights were burning, that the plaintiff took two or three steps toward the edge of the road after he saw these headlights and stopped when the car was twenty or twenty-five feet from him; that the defendant was travelling at thirty-five to forty miles per hour and did not slow down before the impact and proceeded twenty-five to thirty-five feet westerly after the impact; that the plaintiff after the accident was four or five feet away from the edge of the road; that the right front of the car struck him; that the plaintiff was walking at a medium g'ait, the road was dry at the time of the accident.
Another witness for the plaintiff testified that the defendant was operating twenty-five to thirty miles per hour and the night was clear; that there was no traffic at the time in either direction; that the plaintiff was struck while stopped.
*305 The evidence for the defendant tended to show that as he approached the intersection of Leicester Street and route #20 travelling westerly and when a couple of hundred feet away from it he observed that traffic had stopped because of a red light at 'that intersection controlling traffic on said Route #20; that he slowed down almost to a stop when the light changed to green and traffic in front of him proceeded ahead in a westerly direction, that his headlights were lighted and on high beam; that one hundred fifty to one hundred sixty feet westerly of the intersection he shifted from second to third speed, travelling at the rate of about twenty miles per hour and that he was about thirty to forty feet from the light pole when he actually changed to third speed; that almost at the same instant he observed an object dart out from behind the traffic moving easterly and came directly in front of his car and about twelve or fifteen feet away from the front thereof; that he immediately applied his brakes and swerved his automobile to the left in order to avoid hitting the plaintiff; that he did not turn to the right because there was a hitch-hiker standing somewhat in front of the defendant’s automobile at the edge of the pavement on his right; that he heard a slight sound which made the witness think some part of the car must have struck the plaintiff; that the car travelled about fifteen to seventeen feet after the impact; that his ear was twenty feet from the plaintiff when he first saw him; that he did not see the plaintiff until he was too close to avoid the accident; that he was operating his car on the right hand side of the highway with the left side about ten feet to the right of the center of the travelled part of the way.
There was testimony from a police officer who saw the plaintiff in the hospital within a week after the accident, *306 that the plaintiff told him he was crossing the road and cars were coming but he thought he could make it and that “he guessed that was right and he was lucky he was not killed”. This alleged statement was denied by the plaintiff and by a man who was present in the hospital room.
The plaintiff wore dark clothes. The injuries which he received were of a very serious character.
The defendant seasonably filed twenty requests for rulings. They are as follows:[1]
1. On all the evidence, the plaintiff was not in the exercise of due care.

Denied as I find the plaintiff ivas in the exercise of due care at the time he received his alleged injuries.

2. On all the evidence, the defendant was not negligent at the time of the accident.

Denied as I find the defendant was negligent at the time of the accident cmd that his negligence was the sole cause of the plaintiff’s injuries.

3. On all the evidence, the plaintiff was not in the exercise of due care because of his failure to look carefully in both directions before proceeding on the highway.

Denied as 1 find the plaintiff looked carefully in both directions before proceeding on the highway and was in the exercise of due care.

4. The plaintiff’s evidence warranted a finding that the plaintiff was not in the exercise of due care.

Allowed but I find as a fact that the plaintiff was m the exercise of due care.

5. The defendant’s evidence warranted a finding that the plaintiff was not in the exercise of due care.

Allowed although I find as a fact that the plaintiff was in the exercise of dtte care.

6. On the plaintiff’s evidence a finding is warranted that the defendant was not negligent.

Allowed but I find as a fact that the defendant was negligent.

*307 7. The defendant’s evidence warranted a finding that the defendant was not negligent.

Allowed but I find as a fact that the defendant was negligent.

8. On all the evidence a finding is warranted that the plaintiff was not in the exercise of due care and that the defendant was not negligent.

Allowed but I find as a fact that the plaintiff was in the exercise of du,e care at the time he received his alleged injuries, and that the said injuries were caused solely by the negligence of the defendant.

9. The evidence warrants a finding that the plaintiff walked from the rear of an automobile which was proceeding easterly at a time when the defendant’s car was not more than 15 to 20 feet away from the plaintiff when first seen by the defendant.

Allowed but this request is inapplicable to and inconsistent with the facts fornid by me as I find that the¡ plaintiff did not walk from the rear of an automobile which was proceeding easterly at a time when the defendant’s car was not more them 15 to 20 feet away from the plaintiff when first seen by the defendant.

10. The evidence warrants a finding that the plaintiff crossed the highway from the rear of an automobile which was proceeding easterly as the defendant was proceeding westerly at a time when the plaintiff was first seen by the defendant when 15 to 20 feet away from the defendant’s car and that such conduct on the part of the plaintiff precludes him from recovery in this action.

Allowed but this request is inapplicable to and inconsistent with the facts found by me as I find that the plaintiff did not cross the highway from the rear of an automobile which was proceeding easterly as the defendant was proceeding westerly at a time when the-, plaintiff was first seen by the defendant when 15 to 20 feet away from the defendant’s car.

11. The evidence warrants a finding that the plaintiff in crossing the highway failed to observe the approach of the defendant’s automobile and that such failure precludes his recovery in this action.

*308
Allowed but this request is inapplicable to and inconsistent with the facts found by me as I find that the plaintiff in crossing the highway did not fail to observe the approach of the defendant’s automobile, and, as a matter of fact, did observe the approach of the defend-amt’s automobile.

12. The evidence warrants a finding that the plaintiff in the exercise of due care in crossing the highway could have observed the approach of the defendant’s automobile and that his failure to act as a reasonably prudent person under the circumstances precludes his recovery in this action.

Allowed but this request is inapplicable to and inconsistent with the facts found by me as I find that the plaintiff was in exercise of due care in crossing the highioay and did observe the approach of the defendant’s automobile, and 1 further find that the plaintiff acted as a reasonably prudent person under the circumstances.

13. In the exercise of due care, the plaintiff knew or should have known that walking from the rear of an automobile proceeding easterly as the defendant was proceeding westerly would place him in a position of peril and precludes his recovery in this action.
Denied as inapplicable and inconsistent as I find that the' plaintiff did not walk from the rear of an automobile proceeding easterly as the defendant was proceeding westerly, and thus place himself in a position of\ peril.
14. As a matter of law, the defendant could assume that a pedestrian would not come from the rear of an automobile into the path of his automobile.

Denied as inapplicable to amd inconsistent with the facts found by me as I find the plaintiff did not corde from the rear of an automobile into the path of the defendant’s automobile.

15. The failure of the defendant to anticipate a pedestrian walking from the rear of an automobile into the path of his motor vehicle was not negligence on the part of the defendant.

*309
Denied as inapplicable as I find the plaintiff did not\ walk from the rear of an automobile into the path of the defendant’s motor vehicle.

16. The failure of the defendant to observe the plaintiff until the plaintiff had stepped out from behind a motor vehicle proceeding easterly does not warrant a finding of negligence on the part of the defendant.

Denied as inapplicable as I find the plaintiff did not' step out from behrnd a motor vehicle proceeding easterly.

17. The operation by the defendant of a motor vehicle on the highway at a speed of 25 to 30 miles an hour under the circumstances existing in this action does not warrant a finding that the defendant was negligent.

Denied as 1 find that the defendant was negligent in the operation of his automobile at the time of the alleged accident a/nd I find that the speed of the defendant’s( automobile was greater than- reasonable and proper under the circumstances.

18. The defendant could rightfully assume that a pedestrian would not cross the highway from the rear of a motor vehicle moving easterly so as to place the pedestrian in the path of his automobile.

Denied as inapplicable as I find that the plaintiff did not cross the highway from the rear of a motor vehicle moving easterly so as to place him in the path of the\ defendant’s automobile.

19. The defendant had a right to assume that the plaintiff would cross the Worcester-Southbridge highway at the intersection of Leicester Street in accordance with the traffic control lighting system then in operation, and the failure of the plaintiff to so use the highway prevents recovery by the plaintiff in this action.

Denied as inapplicable as 1 fi.nd that the plaintiff had a right to cross Die highway where he did cross, and that the accident did not occur at the intersection of Leicester Street and the Worcester-Southbridge highivay, or at a place controlled by traffic lights.

20. The failure of the plaintiff to cross the WorcesterSouthbridge highway at the intersection of Leicester *310 Street by use of the pedestrian traffic control lights was negligent conduct on the part of the plaintiff and he cannot recover.

Denied as inapplicable as I find that the accident did not occur at the intersection of the Worcester-Southbridge highway and Leicester Street, or at a place where traffic was controlled by lights.

The Trial Court found for the plaintiff and assessed damages in the sum of Twenty-one thousand ($21,000) dollars. After this finding, the defendant filed a motion for a new trial assigning reasons therefor. The Court denied this motion.
The defendant claiming to be aggrieved by the denials of the rulings as requested and further by the denial of the motion for á new trial requested a report.
An analysis of the defendant’s contention shows that he claims
(1) The plaintiff was guilty of contributory negligence as a matter of law and therefore the denial of the defendant’s requests numbered one and three are error.-
(2) There was no evidence of negligence on the part of the defendant and therefore the denial of the defendant’s request numbered two was error.
(3) The operation of the defendant’s motor vehicle at a speed of twenty-five to thirty miles per hour at the time of the accident did not warrant a finding of negligence on the part of the defendant and therefore the denial of the defendant’s request numbered seventeen was error.
(4) The denial of defendant’s motion for a new trial was error because the finding was against the weight of the evidence and the damages awarded were excessive.
We disregard the provisions of Buie 27 of the Buies of the District Courts of the Commonwealth of Massachusetts for civil actions and deal with the several requests upon their respective merits.
*311 So far as they severally ask for rulings of law as to the elements of contributory negligence on the part of the plaintiff and negligence on the part of the defendant, the denials were not prejudicial error. The principles of law involved in such tort actions are well established. They have been built up over the years. They are perhaps best and most lately set forth in Nicholson v. Babb, 304 Mass. 216. The knowledge by the plaintiff of the local conditions, his crossing of the highway at the place indicated, his failure to see the defendant’s automobile earlier, his hesitancy and stopping when one or two steps more would have saved him, the speed of the defendant, his inattention to the highway, the general conditions of visibility, — these and other elements called for consideration and formed the bases for the determination of the facts of negligence and contributory negligence. Had the case been tried to a jury, they would have been within the province of the jury. It is seldom the facts disclosed justify a ruling of law as to the two fundamental factors of negligence and contributory negligence. We cannot say there was prejudicial error in the denial of the requests if they are construed as requests for findings of fact. While the undisputed facts might well have supported a contrary view, we cannot in the face of the explicit, repeated and all inclusive findings by the Trial Court hold they were not justified by the evidence.
The facts found in the instant action are supported by the evidence if believed and we find no prejudicial error in the denials as to the two elements of negligence the burden of proving which was on the plaintiff or contributory negligence the burden of proving which was on the defendant.
As to the denial of a motion for a new trial, it is sufficient to say that such motions are addressed to the sound discretion of the Trial Court. We find no abuse of such discretion. As we have indicated, the finding for the plaintiff *312 was justified and cannot be disturbed even if upon the bare record we might have held to the contrary. The damages so awarded we cannot say were excessive even if they lend themselves to the feeling that they savour somewhat of the spectacular.
We have considered all other denials of requested rulings whether briefed or argued by the defendant.
In the opinion of the majority of the Court, there was no prejudicial error in such denials and the report is to be dismissed. Judge Parker does not agree with the opinion of the majority. His dissenting opinion follows:

 Rulings and findings on each of defendant’s requests are printed in italics following the request.