Briggs, J.
This is 'an action of tort in which the plaintiff seeks to recover for personal injuries allegedly ¡sustained through the negligence of the defendant while operating a motor vehicle on Center Street, a public highway, in the City of Quincy, on the afternoon of February 4, 1942. The case was tried with a companion action against one William F. Toomey who was the owner of the car operated by the def endant at the time of the accident.
The defendant pleaded a general denial, negligence, violation of the law, agent not ¡on business of the defendant, illegal registration and the statute of limitations.
After hearing the Court, found for the plaintiff, allowed twenty requests filed by him, and denied the following requests filed by the defendant:
“2. On all the evidence, the plaintiff was not in the exercise of due care. 3. The plaintiff, by looking to *23 Ms right upon approaching the intersection and having a dear vision for over three hundred feet and failing to see the defendant and then not looting again to his right before entering the intersection, is not in the exercise of due care. 8. On all the evidence, the plaintiff did not make out a prima facie case of the defendant’s negligence.’’
'The defendant duly filed a claim for a report and draft report, daiming to be aggrieved by the demal of requests for rulings Nos. 2, 3 and 8; by the allowance of plaintiff’s requests for rulings Nos. 1 to 20 inclusive; by the general finding for the plaintiff on the ground' that the controlling principles of law established by the allowance of plaintiff’s Nos. 1, 4, 5, 6 and 7 required a finding in favor of the defendant; by the finding that the plaintiff was in the exercise of due- care in view of the evidence and the special findings of the trial judge.
The defendant offered no evidence. There was uncontradicted evidence by the plaintiff that he was operating a motor vehicle owned by his employer on the afternoon of February 4, 1942, which was a good dear day, proceeding towards Braintree on Penn Street, Q-uincy; that Penn Street is 25 feet wide, and that it widens- out to seventy-five or -one hundred feet at the intersection of Center Street; that about tMrty feet before he reached the intersecting line of Penn and Center Streets his car was going about ten miles per hour and he looked to Ms right and could see about three hundred feet and saw nothing. He then looked to Ms left, -saw a truck in the distance and made a left turn into Center Street, keeping to the right of the intersection and making somewhat of a curve and got to the right hand side of Center Street where, when he had gone a few feet he felt a severe shock and,he lost control of his car. Within seconds he felt another bump and his oar turned around, plunged forward and *24 crashed against a cement post about 115 feet down Center Street. He looked and saw another car locked in his ear.
There was testimony from other witnesses that there were marks on the highway from the rear wheels of the defendant’s car extending back 59 feet; that the damage to the defendant’s car was in front, including both front fenders crumpled, both headlights broken together with the radiator grille; that the damage to the plaintiff’s car included a broken rear bumper and damage to the trunk.
There was further evidence that both the defendant and Toomey were under the influence of liquor and that the defendant’s car when entering and passing through the intersection, and within 50 feet of the collision, was travel-ling at a speed of 40' miles per hour.
The trial court made exhaustive finding’s of fact and specifically found that the defendant was negligent and that the plaintiff was in the exercise of due care.
The injuries- were severe. The Court warr-antably found that in addition to those immediately connected with the collision that at the time of and prior to the accident the plaintiff had in his right lung an inactive or quiescent condition; that this' condition was unknown to the plaintiff who had suffered no prior symptoms; that ¡as a result of the injuries the plaintiff received, this condition was ■accelerated and activated, and became a positive tubercular condition and is and has been totally disabled and will never be able to resume full duties again, -and has been confined at the Norfolk County Tubercular Hospital as a bed patient since June, 1942, except for a short removal to the Corey Hill Hospital. Prognosis not good.
There was .also a finding of lengthy pain and suffering; that prior to the accident his earnings had averaged $30.00 per week and had incurred medical expenses of $642.00.
*25 The 2nd and 8th request® of the defendant were intended to raise the question whether the evidence warranted or permitted the essential findings as to liability. It is fainiliar law that in an action arising from a collision of automobiles at intersecting streets, negligence, due care and contributory negligence of the respective parties1 present questions of fact. This case falls within that rule. The findings of fact must stand if supported by any evidence. Examination of the record discloses ample evidence for the Court to consider as a fact finding .tribunal. It could not have ■been properly ruled as a matter of law that there was no evidence for the Court to consider on the facts, and we find no error in their denial.
We find no error in the denial of the 3rd request. It isl ■based on only one element of the plaintiff’s conduct. So construed the Court was not obligated to give it. However close and difficult the question of due care, may have been to determine as a matter of fact, it nevertheless was a fact to be decided by the weighing of evidence. McGuiggan v. Atkinson, 278 Mass. 264, 266. Nicholson v. Babb, 304 Mass. 216, 218.
We have examined plaintiff’s requests Nos. 1-20 inclusive and find no error in the action of the Court thereon in view of the warranted findings of fact made. The granting of requests numbered 1, 4, 5, 6 and 7 did not require a finding for the defendant as contended by him.
After the filing of its findings by the trial court, and prior to the filing of a draft report by the defendant the following motions were filed in this ease by the plaintiff.
“Now comes the plaintiff in the above entitled action and says that the amount of damages in the sum of $3800.00 awarded to the plaintiff by this .Honorable Court is inadequate and insufficient to compensate the plaintiff for the damages sustained by him. Wherefore, the plaintiff moves that the Court grant a re *26 hearing on, or a re-argument of, the question of damages sustained, by the plaintiff.”
And another motion “Now comes the plaintiff in the above entitled action and moves that a new trial be granted, and as a reason therefor says that the monetary damages in the sum of $3800.00 awarded to the plaintiff are inadequate”.
The defendant filed a motion as follows — “Now comes the defendant in the above entitled action and moves that a new trial be granted and sets forth as reasons therefor: (1) The verdict was against the evidence and the weight thereof. (2) the verdict was against the law”.
It further appears from the second report that these motions were argued by counsel and that the Court took the following action:
“The defendant’s motion for a neiw trial denied by Halloran, S. J. and the plaintiff’s motion for a new trial denied, and motion for re-hearing and re-argument on damages allowed by Halloran, S. J.” The further entry was made by the Justice “Finding revised to $7000.00 for the plaintiff. Reference is. to be made ito original finding in this case for action on requests for rulings and for memorandum of findings of facts. Upon further consideration I find that the damages assessed in finding dated September 27, 1943, are inadequate and I now assess damages in the sum of $7000.00”.
It is further disclosed by the second report that there was no re-hearing but there was a re-argument on the question of damages as requested in plaintiff’s motion. No new evidence was offered. No requested rulings appear.
The defendant claiming to be aggrieved by the action of the Court in denying the defendant’s motion for a new trial, and the plaintiff’s motion for a new trial, and the allowance of the plaintiff’s motion for re-hearing and re-argument on damages, and by the revision of the finding on damages, filed a second report.
*27 In his brief thereon the defendant raises two issues:
1. Whether or not the Court’s action in denying the defendant’s motion for a neiw trial and the-plaintiff’s motion for a new trial, and the allowance of the plaintiff’s motion for re-hearing and re-argument on damages and the revision of the Court’s finding was proper?
2. Whether or not a District Court Judge, after a full hearing of an action of tort for personal injuries and after considering the evidence for approximately two months, can properly revise á finding after denial of motions for a new trial and without any re-hearing or re-argument on damages?
The granting of a new trial was within the discretion of the trial judge. The only question open is whether the judge abused his discretion. Here the judge was asked to-review a matter that had been recently considered and decided. It is not shown that additional evidence could be presented, and no requests for rulings are shown. A tribunal cannot ordinarily be required to reconsider upon the same evidence its decision of fact or law. We have found no error in the trial of the case, and cannot say that there was any abuse of discretion in refusing to grant the motion. Davis v. Boston Elevated Railway, 235 Mass. 482-496.
, The motion for re-hearing and re-argument had no standing as a matter of right, but could be entertained if the judge thought justice required. It was allowed, and it should be noted that the motion reads “re-hearing on-, or re-argument of” damages. It appears from the report that there was a re-argument on the question of damages when the motion was heard. We cannot say therefore that the defendant has been deprived of any rights. No-rulings were requested, nor issues of law raised. It'was proper to grant this motion if the Judge felt it was required by *28 justice. There is nothing in the record to negative this construction.
There was no reversible error in the act of the Court in revising the amount of the finding for the plaintiff. The order recites that “Upon further consideration I find that the damages assessed in finding dated September 27, 1943, are inadequate”. There had been no entry of judgment, and before such entry it was within the power of the trial judge to reconsider his decision or finding, and if he concluded it was erroneous, to correct the error. He could correct such mistake or error without further hearing or notice to the parties. DeLuca v. Boston Elevated Railway, 312 Mass. 495.
It is the contention of the defendant that this revision constituted a judicial action that no conscientious judge ■acting intelligently could honestly have taken and that this Court should set aside and reverse the action of the trial court as an abuse of discretion. If true' the re-argument of damages was but an empty gesture.
The award of damages must stand unless to make it was an abuse of judicial discretion amounting to an error of law. Discretion here means a decision of what is just and proper in the circumstances. See Long v. George, 296 Mass. 574 at 578. Bartley v. Phillips, 317 Mass. 35-40, 41. The extent of the plaintiff’s injury and the sum which would fairly compensate him for it were questions of pure fact.
Only in rare instances can it be ruled that there has keen an abuse of discretion amounting to error of law. Palma v. Racz, 302 Mass. 249.
We have examined the record and find that the judge correctly instructed herself in making her first finding and in dealing with the numerous requests for rulings. We find no evidence of unreasoning prejudice nor of failure to deal with the matter impartially. After the first finding she permitted re-argument. After the re-argument she *29 felt .that the original finding* was inadequate. What influenced her we do not 'know. There is nothing* in the record to indicate a hasty judgment, whimsical thinking, or which indicates that she was swayed by sympathy or warped by prejudice.
The injuries were severe and are set forth earlier in this report. The plaintiff is bedridden, has suffered large expense, pain and permanent disability. He had formerly earned $30.00 per week. The question is not whether we would take a different view of the damages. It is whether any conscientious judge, acting intelligently could honestly have found as this one did. Our conclusion is that no error of law is disclosed, and the entry will be, Reports dismissed.